## THOMPSON, administrator, v. LANFAIR et al.

1. The court below erred in overruling the motion for a new trial, as the verdict in favor of the plaintiff was without evidence to support it.
2. Grounds of a motion for a new trial which complain of the admission of testimony are without merit when they fail to show that objection was made at the time of the introduction of such testimony, and that it was admitted over objection.
3. This being an equitable action to have a certain deed delivered up and canceled, on the ground that the execution of the same was procured by fraud, it did not abate upon the death of the grantor in the deed, who was the original plaintiff in the action when brought.

Submitted July 18, 1906.—Decided February 14, 1907.

Equitable petition.    Before Judge Felton.    Pulaski superior court.    January 2, 1906. ·

This case was previously before this court, and a statement of the material allegations in the pleadings is in 112 *Ga.* 487.    A subsequent trial resulted in a verdict against the defendant.    He assigns as error the overruling of his motion for a new trial.

*Howard E. Coates,* for plaintiff in error.

*W. L. & Warren Grice,* contra.

BECK, J.    1. In this action Mrs. Nancy Lanfair sought to have a deed, which she had executed to James Lanfair, declared null and void, and to have the same delivered up and canceled.    By that deed certain realty and personalty were conveyed to her son, the said James Lanfair, the conveyance purporting to be "for and in consideration of  . .  the support and maintenance of the grantor during her natural life," and the remainder of the instrument being in the usual form of a warranty deed conveying realty in fee simple.    The alleged value of the property conveyed was $750. Before the trial the plaintiff died, and W. A. Lanfair, Sarah Lanfair, Emma Phillips, Ira Lanfair, Annie Marchman, Rosa Marchman, Carrie Marchman, Nellie Lanfair, and Ilo Lanfair, her heirs at law, were made parties plaintiff, and the case proceeded in their name.    Upon the trial of the case the jury returned a verdict in favor of the plaintiffs, and thereupon a decree was taken and entered up, wherein it was "ordered and adjudged that said deed be canceled and delivered up by the administrator of James Lanfair, and declared of no effect so far as it relates to the realty therein described;" counsel for petitioners having stated to the court that they did not ask for "a rescission of the personalty." The defendant

moved for a new trial, and. the motion having been overruled, he excepted.

After a careful reading and consideration of the testimony in the case, we are of the opinion that the court should have granted the motion for a new trial, upon the ground that the verdict was without evidence to support it. Even if the defendant's intestate had failed to furnish the grantor the "support and maintenance during her natural life," this would not have been sufficient ground for holding the deed in question to be null and void, and ordering the same to be canceled. In the case of *Brand* v. *Power,* 110 *Ga.* 522, it was held that an absolute deed of conveyance would not, at the instance of the grantor, be canceled merely because of a breach by the grantee of a promise made by him in consideration of which the deed was executed. In that case it was said by Presiding Justice Lumpkin, who delivered the opinion, that "if we treat the petition as sufficiently alleging that the undertaking of the defendant to provide a support for his mother was the sole consideration of the deed, which is by no means clear, his failure to do as he promised amounts to nothing more than a mere breach of contract, for which the plaintiff has an adequate remedy by a proper action for damages. The deed passed the title to him without condition or qualification, as it contained no language making his title in any way dependent upon compliance with his contract to support his mother." And the case of *Lindsey* v. *Lindsey,* 62 *Ga.* 546, is to the same effect. It is not alleged that the estate of the grantee is insolvent; and it is therefore unnecessary for us to rule what would have been the possible equitable remedies in case insolvency had been alleged so as to show the inadequacy of a proceeding at law for the breach of the grantee's obligation to support and maintain the grantor. The trial judge very properly, by his charge to the jury, made the plaintiff's right to recover turn upon the question as to "whether or not any fraud was perpetrated by James Lanfair in procuring this deed;" and he eliminated the question as to whether he had violated "his contract to support his mother, except in so far as that fact and the evidence in regard thereto might assist the jury in determining whether fraud was practiced upon the mother in procuring the conveyance in controversy." The charge might well have still further restricted the jury's field of inquiry. In the 11th paragraph of the petition the

plaintiff distinctly states that she "does not allege that her said son intended at that time (at the time of procuring the deed) to violate his agreement to support and maintain her during her natural life, but the fact is he did not support and maintain her before or after obtaining said deed." Giving to this last allegation its full force and effect, the plaintiff's right to have a verdict in her favor depended entirely upon whether or not there was evidence to support the remaining allegations in the petition, setting up that the defendant's intestate had procured the deed under such circumstances and in such manner as would render it null and void. And those allegations are contained in the two paragraphs which are here set out in full: (a) "Petitioner shows that on said 23d day of January, 1896, the said James J. Lanfair, in the absence of petitioner's other children and without their knowledge or consent, persuaded and induced petitioner, in her feeble and dependent condition, to execute and deliver to him a deed to the house and lot aforesaid." (b) "Petitioner shows that in obtaining this deed, her said son took advantage of her confidence in him, and that she was not capable of understanding its terms and conditions and effect, and that, knowing her condition, he persuaded her to sign it without giving her an opportunity to consult with her other children or friends." And the record discloses that there was no evidence to support these averments. In her (plaintiff's) evidence, which was admitted without objection, beyond saying that her son James "insisted" upon her making the deed; there is no evidence that in the absence of petitioner's other children, and without their knowledge and consent, the grantee in the deed "persuaded and induced" petitioner to execute the deed now sought to be set aside, nor that her said son took any advantage of the grantor whatever. She distinctly states, in her answers to her interrogatories, that "James promised to take care of me so long as I lived, if I made him the deed. Upon this consideration I made the deed." Considering the evidence, and the allegations in the petition which depend entirely for support upon that evidence, we perceive that they must fall. The superstructure is entirely too heavy for the base upon which it was erected, undermined as that was when, by the plaintiff's own admission, the main props were removed in eliminating all the elements of fraudulent intent upon the part of the grantee at the time of the alleged promise to his mother.

2. In the motion for a new trial it is also complained that the court erred "in allowing, over objection of the defendant's counsel, a written disclaimer of William and Ira Lanfair, two plaintiffs, to be introduced in evidence." But the movant does not state in this ground of his motion what objections were made or urged at the time of the admission of said disclaimers in evidence; and consequently the ground is without merit.

3. The court correctly held that the action did not abate upon the death of the original plaintiff, the grantor in the deed in controversy.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent, and Evans, J., disqualified.*