20379. CHATSWORTH LUMBER COMPANY *v.* WHITE.

ARGUED FEBRUARY 9, 1959—DECIDED MARCH 6, 1959.

Pittman, Kinney & Pope, H. E. Kinney, Charles A. Pannell, for plaintiff in error.

John D. Edge, contra.

MOBLEY, Justice. ■ The grant of temporary alimony for the support of minor children in stated monthly payments "until further order of the court" is effective only during pendency of the divorce proceeding; and, upon final judgment, payments of temporary alimony cease by operation of law. *Pace v. Bergquist,* 173 *Ga.* 112, 113 (1) (159 S. E. 678). See also *Holleman v. Holleman,* 69 *Ga.* 676; *Osborne v. Osborne,* 146 *Ga.* 344 (91 S. E. 61); and *Black v. Black,* 150 *Ga.* 672 (104 S. E. 775). A judgment awarding temporary alimony for the support of minor

children contemplates provision for the children pending a final judgment in the divorce proceeding. ". . . temporary alimony, whether for the wife or the children, can be claimed only in connection with a valid suit for divorce or for permanent alimony." *Fauver* v. *Hemperly*, 178 *Ga.* 424 (2, 3) (173 S. E. 82). See also *Stallings* v. *Stallings*, 127 *Ga.* 464 (1) (56 S. E. 469, 9 L.R.A. (NS) 593). Upon abandonment of the suit for divorce or for permanent alimony by the wife, she would no longer be entitled to enforce the judgment for temporary alimony previously rendered, except as to instalments then due and unpaid. *Fauver* v. *Hemperly*, supra. Similarly, the death of one of the parties to the divorce suit would cause the suit to abate automatically, an action for divorce being of a purely personal nature.

In the case at bar, the death of the wife before final judgment in the divorce suit necessarily terminated the suit; and the decree awarding the wife a stated sum to be paid monthly for the support of the children, being dependent upon the divorce suit, abated with the suit. "Inasmuch as the death of either party to a divorce suit before decree abates the divorce proceedings, this effect must extend to whatever is identified with those proceedings." 1 Am. Jur. 83, § 110. "Upon the death of the mother to whom the allowance was directed to be paid, the decree becomes ineffective, the husband's duty to support the child then becoming absolute." 27 C. J. S. 1252, § 323 (d).

█ "After suit for divorce has been filed, no transfer by the husband of the property, except bona fide in payment of pre-existing debts, shall pass title so as to avoid the vesting thereof according to the final verdict of the jury in the cause. . ." Code (Ann.) § 30-112. This section should be strictly construed since it is a restraint upon the alienation of property by the owner. *Lamar* v. *Jennings*, 69 *Ga.* 392; *Stephens* v. *Stephens*, 168 *Ga.* 630, 639 (1) (148 S. E. 522). The statute contemplates the rendition of a final verdict by the jury in the suit for divorce, and does not contemplate that the restraint against alienation shall continue after rendition of such verdict is no longer possible. This section is operative only on conveyances made by the husband during the pendency of the divorce suit. *Stephens* v. *Stephens*, supra.

"It is necessary to have a correct understanding of the meaning of the term 'lis pendens,' and of its object, in order to make a correct application of the rule. The courts as well as the legal profession have often employed the term in a way tending to mislead and confuse. 'Lis means an action, a suit, a cause, a controversy. Pendens is the present participle of pendo, meaning continuing or pending.' Bennett on Lis Pendens, § 2. Lis pendens, therefore, means a pending suit. 'The sole object of lis pendens is to keep the subject in controversy within the power of the court until the judgment or decree shall be entered, and thus make it possible to give effect to the decrees and judgments of courts of justice.' Id. § 12. 'The foundation of the doctrine of lis pendens does not rest upon notice, actual or constructive; it rests solely upon necessity,—the necessity that neither party to the litigation should alienate the property in dispute so as to affect his opponent.' Id. p. 78." *Cook* v. *Hendricks*, 146 *Ga.* 63, 66 (90 S. E. 383).

The suit for divorce filed by Mrs. White against her husband in 1943 having abated upon her death in December, 1943, there could be no verdict in the divorce suit, as contemplated by Code (Ann.) § 30-112, and there was no longer any restraint upon the alienation of the husband's property. At the time Chatsworth Lumber Company purchased subject land from the husband in 1946, there was no suit for divorce pending, no lis pendens. Therefore, the decree for temporary alimony to support the children being dependent on a pending suit for divorce, the trial judge erred in overruling the plea in abatement and motion to dismiss and in ordering that the fi. fa. proceed against the property.

*Judgment reversed. All the Justices concur.*