27088. BUTLER v. HICKS et al.

SUBMITTED MARCH 15, 1972—DECIDED APRIL 20, 1972.

*William L. Skinner,* for appellant.

*Robert W. Cagle,* for appellees.

MOBLEY, Chief Justice. This appeal is from the dismissal of a complaint for failure to state a claim on which relief can be granted.

Clara Paulette Butler, individually, and as an heir of the estate of Wilder Earnestine Hicks, brought a complaint in two counts against George P. Hicks, Sr., and Robert W. Cagle.

Count 1 alleged: The plaintiff is the daughter of Wilder Earnestine Hicks, deceased. Frank Fuller has been appointed permanent administrator of the estate of Mrs. Hicks. In the divorce action of George P. Hicks, Sr., against Mrs. Hicks an order was entered on July 20, 1971, award-

ing the temporary possession of "the home" to Mrs. Hicks. In order to prevent the operation of this order, and to prevent an award of the one-half undivided interest of George P. Hicks to Mrs. Hicks, George P. Hicks murdered Mrs. Hicks by shooting her with a pistol. George P. Hicks conveyed the real property awarded to the deceased Mrs. Hicks to Robert W. Cagel on July 22, 1971, to retain Mr. Cagle to defend him on the charge of murder. The plaintiff has no complete and adequate remedy at law unless the court sets aside this deed, and vacates any title in the real property as the result of this conveyance, or as the result of the death of Mrs. Hicks, resulting in abatement of the divorce action.

Count 2 alleged that there exists a justiciable issue requiring the entry of a declaratory judgment as to whether the divorce action should be allowed to continue for the sole purpose of a jury determining whether or not the property should be awarded to Mrs. Hicks, or whether a jury in this action will award the one-half undivided interest of George P. Hicks to the estate.

The relief sought was: that the deed from Hicks to Cagle be voided as to the estate of Mrs. Hicks; that the divorce action be allowed to continue for the purpose of establishing whether the jury will award the permanent title to the deceased, and therefore to her estate, in the property described in the deed; that the defendants be restrained and enjoined from encumbering or disposing of the real property referred to in the deed; and for other relief.

■ The appellees contend that the appellant had no right to bring the complaint, or the appeal in this court, because she is not the legal representative of the estate of Mrs. Hicks.

Prior to the Civil Practice Act, in a suit by an heir at law to recover property belonging to an estate represented by an administrator, the heir was required to both allege and prove that the administrator had consented to the bringing of the suit, or that the administrator refused to sue. *Code* § 113-907; *Yerbey v. Chandler,* 194 Ga. 263 (4) (21 SE2d 636); *Clark v. Woody,* 197 Ga. 683 (1) (30 SE2d

181); *Gay v. Radford,* 207 Ga. 38 (1) (59 SE2d 915); *Harrison v. Holsenbeck,* 208 Ga. 410 (1) (67 SE2d 311); *Crawley v. Selby,* 208 Ga. 530, 532 (67 SE2d 775).

*Code Ann.* § 81A-109 (Ga. L. 1966, pp. 609, 620) provides that where a party desires to raise an issue as to the capacity of any party to sue, he shall do so by specific negative averment. The appellees made no specific issue that the appellant had no capacity to sue to recover property of the estate. The complaint does not negative the right of the appellant as an heir to bring the action, either by the consent of the administrator, or because of his refusal to sue. Under the present pleading and practice statute, the complaint in the trial court, and the appeal in this court, are not subject to dismissal for failure of the appellant to allege her capacity to sue.

■ The complaint alleged that a copy of the deed from George P. Hicks to Robert W. Cagle was attached as an exhibit. This copy is not in the record in this court, and the clerk of the trial court informs us that it is not of record there.

The pleadings are incomplete. It appears that Hicks owned an undivided one-half interest in undescribed property, which was the home of himself and his wife, that the temporary possession of his interest in the home was awarded to his wife as temporary alimony in a divorce action, and that Hicks conveyed his one-half interest to his attorney, after his wife's death, in order to obtain representation in the charge of murder against him.

Temporary alimony is granted to the wife to provide for her maintenance while she contests the issues between herself and her husband. In a proper case the temporary use of the home of the parties may be awarded as a part of temporary alimony. *Lloyd v. Lloyd,* 183 Ga. 751 (189 SE 903); *Huggins v. Huggins,* 202 Ga. 738 (1) (44 SE2d 778).

An action for divorce being of a purely personal nature, the death of one of the parties to the divorce action causes it to abate automatically, and a provision for temporary alimony, being dependent upon the divorce suit, abates

with the suit. *Chatsworth Lumber Co. v. White,* 214 Ga. 798 (1) (107 SE2d 827).

*Code Ann.* § 30-112 (Ga. L. 1950, pp. 365, 366), which provides that: "After suit for divorce has been filed, no transfer by the husband of the property, except bona fide in payment of preexisting debts, shall pass title so as to avoid the vesting thereof according to the final verdict of the jury in the cause: . . . ," contemplates the rendition of a final verdict by the jury in the divorce action, and where the death of one of the parties makes a final verdict impossible, the restraint on the husband's transfer of title is removed. *Chatsworth Lumber Co. v. White,* 214 Ga. 798 (2), supra.

After the death of Mrs. Hicks, her estate had no claim on Mr. Hicks' property because of the temporary alimony award of the use of the home to the wife pending the divorce action. The appellant is not entitled to cancel the conveyance by Hicks to his attorney of his interest in the property, nor is she entitled to continue the divorce action after the death of her mother.

*Code Ann.* § 113-909 (Ga. L. 1952, pp. 288, 289; Ga. L. 1959, pp. 299, 300) has no relevancy in this case. That Code section provides that any person who kills another with malice aforethought shall be denied the right of inheritance from such deceased person. In the present case it was the property owned by Hicks prior to his wife's death that was conveyed to his attorney, and no question of inheritance from his wife is made in this action.

The trial judge properly found that the complaint did not state a claim upon which relief could be granted, and properly dismissed the action.

*Judgment affirmed. All the Justices concur.*