## 37899. SEGARS v. BROOKS.

JORDAN, Chief Justice.

The first issue presented for decision is whether a claim for equitable division of property pending in divorce proceedings survived the death of the claimant-spouse during the pendency of the proceedings and prior to entry of a decree of divorce. We answer this question in the negative.

The second issue is whether an equitable claim to the property based on a resulting trust theory survived the death of the wife. We answer this question in the affirmative.

Amelia Bell Brooks died during the pendency of the divorce proceedings she had commenced against Eugene Talmadge Brooks. Her death was by gunshot wound allegedly caused by her husband six days after he had answered her complaint. Her petition had sought among other relief a decree of fee simple title to the marital residence, record title to which was in him. He had answered, inter alia, demanding that the home be sold and the proceeds divided equally between them. Although the trial court would have been authorized to enter a decree of divorce on the pleadings, no divorce decree had been entered before her death.

The trial court held that her claim to the marital residence was personal and did not survive in favor of her administratrix, who sought, by motion, to be substituted for the decedent in order to assert the claim to the marital residence. After grant of her application to appeal, the administratrix appeals.

1. We agree with the appellee that the unadjudicated claim for divorce was purely personal and abated with the death of Amelia Bell

Brooks. *Butler v. Hicks,* 229 Ga. 72, 75 (189 SE2d 416) (1972); *Chatsworth Lumber Co. v. White,* 214 Ga. 798 (107 SE2d 827) (1959). We also agree that the claim for equitable division of marital property filed pursuant to our decision in *Stokes v. Stokes,* 246 Ga. 765, 767 (3) (273 SE2d 169) (1980), similarly abated. *Butler v. Hicks,* supra.

A *Stokes* claim for equitable division of property cannot be filed or maintained separate from divorce proceedings. *Stokes v. Stokes,* supra. To the contrary, a *Stokes* claim only can be filed or maintained in and ancillary to divorce proceedings. The reason for this rule is that a *Stokes* claim arises from a marital relation and divorce. Accordingly, a *Stokes* claim arises either after or contemporaneously with the filing of a claim for divorce and must abate if not pursued to entry of judgment after or contemporaneously with entry of a decree of divorce. In a few words, no divorce means no equitable division of property.

A decree of divorce probably would have been issued in the present case had the wife not died. The state of the pleadings at the time of her death would have authorized entry of a decree of divorce on the pleadings. However, we should not presume that had the wife lived the proceedings necessarily would have terminated in a decree of divorce because the parties could have reconciled their differences and could have chosen to resume their marital relationship. The law favors marriage, not divorce. No matter how serious the apparent marital difficulties, we must presume until entry of the divorce decree that the parties might have reconciled and continued their marriage.

Accordingly, we cannot say that a right ever would have arisen in these proceedings which would have been inheritable and subject to the claim of the intestate's administratrix. We hold that the wife's *Stokes* claim abated upon her death because a decree of divorce had not previously been entered.

We decline to allow our analysis in this appeal to be governed by the "bad facts" that the husband is alleged to have killed his wife pending the divorce proceedings. Had the alleged homicide occurred prior to commencement of divorce proceedings, no *Stokes* claim ever would have arisen. We see no legal distinction between a case where a *Stokes* claim never would have arisen, because no divorce action ever was filed, and the present case in which the *Stokes* claim was not pursued to judgment after or contemporaneously with a decree of divorce. Criminal homicide is punishable by law, and the sanctions of our criminal laws are adequate to deter the killing of spouses pending divorce proceedings.

2. On the other hand, the equitable claim to the property filed or maintained on a resulting trust theory survived the death of wife.

*Thompson v. Lanfair,* 127 Ga. 557 (3) (56 SE 770) (1906).

3. The judgment of the trial court is affirmed insofar as it dismissed the claim of the administratrix for equitable division of property and reversed insofar as it dismissed the resulting trust claim.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Marshall, J., who concurs in the judgment only.*

DECIDED NOVEMBER 5, 1981.

*Robert E. Ridgway, Jr.,* for appellant.
*Eugene W. Harper, Jr.,* for appellee.

HILL, Presiding Justice, concurring.

I concur in the opinion and judgment of the court. The additional tragedy of this case is that under existing law the deceased's children cannot recover for the wrongful death of their mother. *Jones v. Swett,* 244 Ga. 715 (261 SE2d 610) (1979). The remedy for this unconscionable situation is to allow recovery for wrongful death. I would overrule *Jones v. Swett, supra.*

I am authorized to state that Justices Clarke, Smith and Weltner join in this concurrence.