for appellee.

### 37930. OWENS v. OWENS.

WELTNER, Justice.

Suit was brought by Sandra Lee Owens, executrix of the estate of her mother, Golda B. Owens, seeking to establish an interest in an approximately 72-acre tract of land on behalf of her mother's heirs and to collect $5,000 representing one-half of the proceeds from the sale of timber off that tract. Jesse C. Owens answered claiming the tract was his alone, and added a $1,000,000 "counterclaim" against Sandra for intentional infliction of mental distress.[1] The jury granted Golda's estate a one-half undivided interest in the tract. No money damages were awarded to either party.

Jesse and Golda Owens were married in August, 1936, and for nearly the entire 44 years of their marriage they both worked in a local textile mill. Over the years, they acquired a home on Mallory Drive in LaGrange, and in 1947 purchased the 72-acre tract on Whitesville Road.[2] Although the house was titled in both of their names, the acreage was in Jesse's name alone.

In January, 1980, Golda sued Jesse for divorce alleging in Paragraph 6 that the "parties own jointly the residence homeplace located at 114 Mallory Drive. In addition, defendant [Jesse] has a 72 acre farm located on Whitesville Road in Troup County, Georgia, titled in his name; however, plaintiff [Golda] has worked all her married life in the textile mill and contributed as much or more to the purchase of said 72 acre farm." Jesse, answering, stated: "Defendant admits that the parties own the house at 114 Mallory Drive and the 71 1/2 [sic] acre farm on Whitesville Road. Defendant admits that he has worked as well as plaintiff in a textile mill and the funds of both parties were used to acquire their worldly possessions." Golda died in March, 1980, before a divorce decree was entered.[3] Sandra, as executrix, then brought this action to establish her mother's interest in the 72 acres.[4]

---

[1] He later described this claim as a third-party claim. On this basis, the trial court refused to allow joinder of Sandra Lee Owens, individually. See Division 5, infra.

[2] This was the third of three parcels bought and sold. The parties also lived on this tract, before buying the Mallory Drive home in the late 1950's.

[3] Before she died, Golda stated in a deposition in the divorce case that the parties owned nothing when they married, and that the money of both of them was used to purchase their home and the tract of land.

[4] In her Will, Golda left $25.00 to her husband and her two married daughters, and the rest of her property to Sandra, who was unmarried and had lived with Golda up until her death.

1. We reach first Jesse's third enumeration, assigning error in the charge given, over objection, on equitable division of property under *Stokes v. Stokes,* 246 Ga. 765, 767 (273 SE2d 169) (1980). We agree. We recently held in *Segars v. Brooks,* 248 Ga. 427, 428 (284 SE2d 13) (1981), that "a *Stokes* claim for equitable division of property cannot be filed or maintained separate from divorce proceedings . . . The reason for this rule is that a *Stokes* claim arises from a marital relation and divorce." *Stokes* recognized the contributions of both parties to a marriage, and allows a jury to divide their property equitably at the demise of the marriage, in order that each spouse may continue his or her life outside of the marital relationship. However, no property rights are created in the assets of the marriage while the parties are still married.

When Golda died before her claim to the 72-acre tract was adjudicated in the divorce action, her equitable property division claim died also. *Brooks v. Brooks,* supra. Therefore, the trial court erred in charging the jury on equitable division. Because the jury could have awarded the half interest in the tract to Golda's estate on this basis, a new trial is required.

2. Jesse also raises the sufficiency of the evidence to support a resulting trust, and enumerates as error the failure of the trial court to direct a verdict in his favor on this claim. He argues that he testified that he paid for the property with his own money and that there was no evidence presented on Golda's behalf which met the "clear and convincing" standard evidentiary requirement, *Freeman v. Saxton,* 243 Ga. 571, 573 (255 SE2d 28) (1979), that Golda had paid a definite share of the purchase money under an agreement, express or implied, that the property would belong to both parties at the time of the conveyance. Code Ann. § 108-106; *Adderholt v. Adderholt,* 240 Ga. 626 (242 SE2d 11) (1978). We find that the evidence presented through Golda's deposition, the testimony of her daughters, and the admission in the divorce proceeding[5] is sufficient to create a jury question, and to withstand the motion for directed verdict.

We note here, however, that in May, 1981, when this case was tried, there was no presumption of a gift by Golda to Jesse under Code Ann. § 53-506.[6] *Woodward v. Woodward,* 245 Ga. 550, 554 (266 SE2d

---

[5] At the trial, Jesse sought to amend his answer to the complaint for divorce. The trial court disallowed the amendment on the ground that the divorce action was personal, had died with Golda, and no longer existed to be amended.

[6] Code Ann. § 53-506 provides: "A wife may give property to her husband, but a gift will not be presumed. The evidence to support it must be clear and unequivocal, and the intention of the parties must be free from doubt." (Emphasis supplied.)

170) (1980). (Code Ann. § 53-506 applies where the wife's money is used to make the purchase, but title is placed in the name of the husband). That code section was repealed by Ga. L. 1981, pp. 522, 704, eff. July 1, 1981. Therefore, upon retrial, Code Ann. § 108-116 will be applicable: "*As between husband and wife,* parent and child, and brothers and sisters, *payment of purchase money by one, and causing the conveyance to be made to the other, shall be presumed to be a gift;* but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted."[7] (Emphasis supplied.)

3. Jesse also raises the statute of limitations as a bar to the resulting trust claim. We disagree. This issue was raised for the first time after the plaintiff rested her case. Under Code Ann. § 81A-108 (c) the statute of limitations is an affirmative defense which must be raised at the first opportunity. It is too late to raise it initially in the middle of the trial.[8] *Gaul v. Kennedy,* 246 Ga. 290 (271 SE2d 196) (1980). Futhermore, the statute of limitations does not begin to run until after a demand for settlement and refusal to pay. *Joseph v. Citizens &c. Nat. Bank,* 210 Ga. 111 (78 SE2d 193) (1953); *Rucker v. Maddox,* 114 Ga. 899 (41 SE 68) (1902).

4. There was no error in refusing to give Jesse's request to charge No. 6, as its essential elements were fairly charged.

5. Finally, Jesse enumerates as error the failure of the trial court to allow the addition of Sandra as a party in her individual capacity on his "counterclaim" for intentional infliction of mental distress. At the hearing on the motion, the "counterclaim" was called a third-party action and denied, as inappropriate, on that basis. There is no magic in nomenclature. *Frost v. Frost,* 235 Ga. 672, 674 (221 SE2d 567) (1975). As Code Ann. § 81A-113 (h), provides for the addition of necessary parties for the granting of complete relief, the trial court should have permitted the joinder of Sandra Lee Owens, individually. See *C&S Land, Transp. &c. Corp. v. Yarbrough,* 153 Ga. App. 644 (3) (266 SE2d 508) (1980).

*Judgment reversed. All the Justices concur, except Marshall, J., who concurs in the judgment only.*

DECIDED JANUARY 6, 1982.

---

[7] We here intend no comment upon the sufficiency of the evidence under this code section, but merely point out its applicability upon retrial.

[8] Jesse's argument that the evidence to support the motion was presented by the plaintiff's evidence has no merit, as this same evidence supported her complaint.

*H. J. Thomas, Jr.,* for appellant.
*Jerry Willis, D. Ray McKenzie, Jr.,* for appellee.