### 76172. WILLIAMS v. THEUS.
(367 SE2d 288)

POPE, Judge.

This appeal arises from a superior court order dismissing Ida Williams' appeal of an order of the probate court directing the administrator of her mother's estate to pay $4,018.10 to Parker Theus, the deceased's brother. The probate court found that Theus was owed this amount "for work he performed upon the premises . . . owned by Claudia Hutsell during her lifetime and the pleadings of the attorney for the Estate of Claudia Hutsell, Deceased, admitting that the debt is outstanding to Parker Theus, and Parker Theus having appeared in this Court at the proper time after notification with necessary docu-

mentation and his debt having been approved by the Court; and it being now made known to the Court that the obligation of said Estate to Parker Theus has not been paid," and ordered payment to be made "immediately."

As best we can determine from the record, it appears that Theus gave timely notice of his claim against the estate. See OCGA § 53-7-92. The claim was approved by the administrator of the estate over Williams' objections, and the probate court subsequently entered the foregoing order. Williams, a legatee under her mother's will, appealed this order to the superior court. Theus moved for summary judgment "setting forth that Ida Williams was not a party to this action and did not have sufficient standing at law to file said appeal." The superior court granted Theus' motion on the ground that Williams "was not a party to the proceedings and ha[d] no standing to appeal the judgment of the Probate Court under [OCGA §] 9-2-20." We affirm but for a somewhat different reason.

We surmise that Williams filed the appeal to superior court pursuant to OCGA § 53-7-104: "If the administrator or executor, for any cause, shall decline to litigate any claim, he may assign the claim to a distributee or creditor, who may at his own expense prosecute the same." The sole question for resolution here is whether Williams, as a legatee, has the right to maintain this appeal against Theus in his capacity as a creditor of the estate. (Theus is also a beneficiary under the will.)

"The general rule on this subject is that creditors and heirs may sue third persons only in the name of the representative of the estate. [Cits.] It is also the law, that, in the absence of fraud and collusion between the executor and a creditor, a judgment regularly entered in a court of competent jurisdiction in favor of the creditor and against the executor is conclusive upon legatees and creditors, as to all matters adjudicated. [Cits.] Assuming for the present that the judgment attacked by [Williams' appeal] is regular on its face [but see *Fulford v. Sweat & Gaskins*, 65 Ga. App. 521, 522 (16 SE2d 102) (1941)], the right of [Williams] to maintain this [appeal] is, on application of the foregoing rulings, dependent upon whether or not it alleges fraud and collusion. Neither of the words 'fraud' or 'collusion' is found in the [appeal]." *Higginbotham v. Adams*, 192 Ga. 203, 206 (14 SE2d 856) (1941); *Morgan v. Woods*, 69 Ga. 599 (1) (1882); *Rogers v. Taintor*, 93 Ga. App. 54 (1) (90 SE2d 629) (1955). Nor is fraud or collusion in any manner alleged by Williams. Accordingly, we find no basis for reversal of the superior court's dismissal of this matter due to Williams' lack of standing. Cf. *Butler v. Hicks*, 229 Ga. 72 (1) (189 SE2d 416) (1972).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

Decided March 16, 1988.

*Robert H. Baer*, for appellant.
*Maxine H. Wraggs*, for appellee.