**IN RE: Kevin Matthew RANDOLPH, Debtor.**

**CASE NO. 15–59532–BEM**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Signed January 29, 2016

John Clayton Davis, John Clayton Davis, PC, McDonough, GA, for Debtor.

## ORDER ON OBJECTION TO DISALLOW EXEMPTION

Barbara Ellis-Monro, Bankruptcy Judge

This case comes before the Court on Neil C. Gordon, Chapter 7 Trustee's (the "Trustee") Objection to Claimed Exemptions and Supplement to Objection to Claimed Exemptions (collectively, the "Objection") and Debtor's Response to Trustee's Objection to Claimed Exemptions (the "Response"). [Doc. Nos. 23, 39, 56]. A hearing on the Objection and Response was held on November 4, 2015 at which Michael J. Bargar appeared on behalf of the Trustee and John Clayton Davis appeared on behalf of Debtor. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### I. Facts and Procedural Background

On May 14, 2015, Debtor and his now former spouse, Judith Randolph ("Ms.Randolph") signed a Settlement Agreement which, in relevant part, provided for the division of the couple's property (the "Settlement Agreement"). [Doc. No. 40, p. 10]. On the same date, Debtor executed a quitclaim deed pursuant to which he "bargained, sold, and does by these presents ... bargain, sell, remise, release and forever quit-claim ... all the right, title, interest, claim or demand which the Grantor has or may have had in and to" the real property located at 435 Jackson Street, Locust Grove, Georgia 30248 (the "Property") to Ms. Randolph (the "Deed"). [Doc. No. 56 Ex. A]. The Deed states further that, "neither the said Grantor, nor any other person or persons claiming under Grantor shall at any time claim or demand

any right, title or interest to the [Property]" and that the Deed is "[s]igned, sealed and delivered" in the presence of the witnesses. *Id.* Similarly, the Settlement Agreement states, with respect to the Property:

[t]he Wife and children reside in a marital home located at 435 Jackson Street, Locust Grove, Henry County, Georgia 30243. The parties have a first mortgage on this home for which they are jointly liable. The Wife shall have exclusive use, possession and ownership of the marital home. Contemporaneously with the execution of this Agreement and as part of the equitable division of property, for good and valuable consideration, the sufficiency and receipt of which is acknowledge [sic], Husband does hereby devise, quitclaim, and transfer to Wife all of his right, title, and interest in the real property known as 435 Jackson Street, Locust Grove, Henry County Georgia 30248.... This Agreement and any court order in which it is incorporated may be filed in the real estate records of the Henry County Superior Court and shall be sufficient to transfer the property to Wife.

[Doc. No. 40, p. 3, 4].

The following day, May 15, 2015, Ms. Randolph filed a Complaint for Divorce in the Superior Court of Henry County (the "Divorce Proceeding"). [Doc. No. 45]. The Deed and the Settlement Agreement were filed in the Divorce Proceeding on May 15, 2015. [Doc. Nos. 56 Ex. A; 40]. The Deed was recorded in the Superior Court of Henry County on May 18, 2015. *Id.* A Final Judgment of Divorce (the "Final Judgment"), which incorporated the Settlement Agreement, was entered in the Divorce Proceeding on July 31, 2015. [Doc. Nos. 39, p. 6; 41 p. 2].

On May 22, 2015, after execution of the Settlement Agreement but prior to the Final Judgment, Debtor filed a petition for relief under Title 11, chapter 7 (the "Petition Date").[1] [Doc. Nos. 23, p. 1; 39, p. 1]. On line 10 of the Statement of Financial Affairs, Debtor indicated he had transferred no property during the two years prior to the petition date. On Schedule A, Debtor listed the Property and described his interest as "JTWROS" or joint with right of survivorship. [Doc. No. 1, p. 7]. On Debtor's original Schedule C, Debtor claimed an exemption of an interest in the Property in the amount of $9,686.00[2] pursuant to O.C.G.A. § 44–13–100(a)(6). [Doc. Nos. 1, p. 11; 23, p. 2; 39, p. 2]. On October 3, 2015, Debtor filed an amended Schedule C and reduced his claimed exemption in the Property to $4,234.00 pursuant to O.C.G.A. § 44–13–100(a)(6). [Doc. Nos. 34, 56].

In the Objection, the Trustee argues that Debtor's claimed exemption in the Property should be disallowed because Debtor has no interest in the Property to exempt due to the unconditional transfer of Debtor's interest in the Property to Ms. Randolph on May 15, 2015. The Trustee further argues that pursuant to the doctrine of merger, the Deed was effective in accordance with its terms prior to the Final Judgment. The Trustee also raises a conditional objection based on allegations that the transfer of the Property to Ms.

---

1. Neither Ms. Randolph nor Debtor sought or obtained an order modifying the automatic stay in conjunction with the Divorce Proceeding.

2. The exemption amount is referred to as $9,686.00 on Debtor's original Schedule C.

[Doc. No. 1, p. 11] The exemption amount is referred to as $9,636.00 in the Objection. [Doc. No. 23, p. 2]. Regardless, the discrepancy in the exemption amount appears to be inadvertent and is not significant.

Randolph is voidable pursuant to 11 U.S.C. § 548 such that 11 U.S.C. § 522(g)(1)(A) prohibits Debtor from exempting an interest in the Property if it is recovered by the Trustee.[3]

In the Response, Debtor relies on *Owens v. Owens*, 248 Ga. 720, 721, 286 S.E.2d 25 (Ga.1982) to argue that the Property was not transferred until July 31, 2015, upon entry of the Final Judgment and that because the Property was marital property it is not subject to claims for equitable division until dissolution of the marriage. Debtor argues further that pursuant to O.C.G.A. § 19–5–7, after an action for divorce is filed, a transfer of property will not pass title. With respect to the Trustee's fraudulent transfer allegations, Debtor argues that the separation and divorce were not amicable, that the transfer of the Property should not be avoided because the Settlement Agreement was entered into in contemplation of divorce and that destruction of a legal relationship can constitute consideration. Further, Debtor argues that there was no equity in the Property on the date of transfer, that Ms. Randolph was not an insider, that Debtor was not insolvent or rendered insolvent by virtue of the Settlement Agreement and finally, that there are no facts that would support a finding of fraud related to the divorce and the Settlement Agreement. The parties do not dispute the facts relevant to resolution of this matter, rather they disagree on the legal effect of the Settlement Agreement, the Deed and the Final Judgment.

## II. Legal Analysis

### A. Property of the Estate

■ Upon filing a petition in bankruptcy an estate is created that is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541. Thereafter, the debtor may exempt certain property from the bankruptcy estate pursuant to 11 U.S.C. § 522(b).[4] "No property can be exempted (and thereby immunized), however, unless it first falls within the bankruptcy estate. Section 522(b) provides that the debtor may exempt certain property from property of the estate; obviously, then, an interest that is not possessed by the estate cannot be exempted." *Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). While federal law determines if property is property of the bankruptcy estate, state law determines debtor's interest in such property. *Witko v. Menotte (In re Witko)*, 374 F.3d 1040, 1043 (11th Cir.2004) (quoting *Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966) and *Butner v. U.S.*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)).

■ A quitclaim deed conveys from grantor to grantee whatever interest the grantor has in the real property. *Georgia Lien Servs., Inc. v. Barrett*, 272 Ga.App. 656, 657, 613 S.E.2d 180 (Ga.Ct.App.2005). A deed must be delivered to be valid and pass title. *Robinson v. Williams ex rel. Estate of Dunn*, 280 Ga. 877, 879, 635

---

**3.** The Trustee also argued that the claimed exemption of $9,636.00 (the amount listed in the Objection) exceeds the amount allowed under O.C.G.A. § 44–13–100(a)(6), known as the wildcard exemption. On the petition date, the wildcard exemption was limited to $600 plus up to $5,000 of the unused homestead exemption. It increased to $1,200 plus up to $10,000 of the unused homestead exemption effective July 1, 2015. Debtor subsequently reduced his claimed exemption to $4,234.00. [Doc. No. 34]. Thus, this issue is now moot.

**4.** As provided in 11 U.S.C. § 522(b), Georgia has opted out of the federal exemptions contained in § 522(d) and established its own list of exemptions. O.C.G.A. § 44–13–100(b).

S.E.2d 120 (Ga.2006). "Delivery of a deed is complete against the grantor when it passes out of his control with the intention that it shall be transmitted to the grantee." *Dawson v. Keitt,* 232 Ga. 10, 12, 205 S.E.2d 309 (Ga.1974). "The true test of delivery is whether or not the grantor intended to reserve to himself ... an opportunity to undo what one has done or a right to withdraw from an incomplete transaction." *Johnson v. Johnson,* 327 Ga. App. 604, 606, 760 S.E.2d 618 (Ga.App. 2014) (quoting *Morris v. Johnson,* 219 Ga. 81, 89, 132 S.E.2d 45 (Ga.1963)). The recording of a deed does not give the deed legal force but gives notice "to the world of the grantor's intention to give this deed legal force and effect." *Id.;* O.C.G.A. § 44–2–2.

■ During a marriage, "[a] spouse may voluntarily execute an agreement described in Code Section 19–3–62[5] or he may at any time during the marriage, either indirectly through trustees or directly to his spouse, convey any property to which he has title." O.C.G.A. § 19–3–64. When spouses are living in separation, they may enter into an agreement settling such issues as the division of their marital real property. *Holsomback v. Caldwell,* 218 Ga. 393, 395, 128 S.E.2d 47 (Ga.1962). A settlement agreement is enforced outside of a divorce proceeding under the principals of contract law, and is only viewed under the theory of equitable division during a divorce proceeding. *Guthrie v. Guthrie,* 277 Ga. 700, 702, 594 S.E.2d 356 (Ga.2004).

■ In contrast, a claim for equitable division of property arises either after or contemporaneously with the filing of a claim for divorce and will abate if not pursued to judgment after entry of a divorce decree. *Segars v. Brooks,* 248 Ga. 427, 428, 284 S.E.2d 13 (Ga.1981). As a result, no property rights become vested because of equitable division during the existence of a marriage. *Owens,* 248 Ga. at 721, 286 S.E.2d 25. O.C.G.A. § 19–5–7 states:

> *After a petition for divorce has been filed,* no transfer of property by either party, except a bona fide transfer in payment of preexisting debts, shall pass title so as to avoid the vesting thereof according to the final verdict of the jury in the case; *provided, however, that the title to real property shall not be affected by the filing of an action for divorce* unless a notice of lis pendens, as provided for by Code Section 44–14–610, is filed in the office of the clerk of the superior court of the county in which the real property is situated and is recorded by the clerk in a book kept by him for that purpose.

O.C.G.A. § 19–5–7 (emphasis added). By its terms, this statute only applies once a petition for divorce has been filed and it "does not affect the husband's conveyance after separation, but before suit for divorce is filed." *Wallace v. Wallace,* 189 Ga. 220, 222, 5 S.E.2d 580 (Ga.1939) (discussing former O.C.G.A. § 30–112). The restriction on transfers imposed by O.C.G.A. § 19–5–7 is strictly construed, because it is in derogation of the common

---

**5.** O.C.G.A. § 19–3–62 states: "(a) As used in this article, the term "marriage articles" means any antenuptial agreement between the parties to a marriage contemplating a future settlement upon one spouse. Marriage articles, whether by parol or in writing, may be executed and enforced by a court of equity at the instance of the spouse at any time during the life of the other spouse, so long as the rights of third persons, purchasers, or creditors, in good faith and without notice, are not affected thereby. (b) An agreement perfect in itself which needs no further conveyance to effect its purpose is an executed contract and does not come under the definition of marriage articles."

law which favors the free transfer of property. Georgia Divorce, Alimony, and Child Custody § 9:6 (2015) (citing *Chatsworth Lumber Co. v. White*, 214 Ga. 798, 800, 107 S.E.2d 827 (Ga.1959)).

 The undisputed facts establish that Debtor executed the Deed contemporaneously with the Settlement Agreement on May 14, 2015, before the Divorce Proceeding was filed. Both the Settlement Agreement and the Deed provide for the immediate and unconditional transfer of Debtor's interest in the Property to Ms. Randolph. *See Supra* pp. 476–77. On May 15, 2015, Ms. Randolph filed the Deed with the Settlement Agreement in the Divorce Proceeding and three days later, on May 18, 2015, the Deed was recorded in the real estate records. Debtor does not contend that he did not deliver the Deed to Ms. Randolph or that he did not intend to transfer the Property when the Deed was given to Ms. Randolph. As a result, the Court finds that Debtor intended to convey the Property when he gave Ms. Randolph control over the Deed to file in the Divorce Proceeding, such that, he necessarily delivered the Deed prior to the filing of the Divorce Proceeding. *See Dollar v. Thompson*, 212 Ga. 831, 832, 96 S.E.2d 493 (Ga.1957) (execution of deed and recordation creates presumption of delivery); *see also Corley v. Parson*, 236 Ga. 346, 347, 223 S.E.2d 708 (Ga.1976) ("[o]ther presumptions of delivery arise from the recital of delivery in the deed, when the deed is found in the custody of the grantee, and when the grantee has possession of the land.") (citing *Whiddon v. Hall*, 155 Ga. 570, 118 S.E. 347 (Ga.1923)).

 The law allows for a spouse to voluntarily transfer his interest in property prior to the filing of a divorce proceeding, and a claim for equitable division of property does not arise until the divorce proceeding is filed. Thus, when Debtor executed the Deed and delivered it to Ms. Randolph he conveyed whatever interest he had in the Property to Ms. Randolph and, as a result, the Property was transferred pursuant to the Deed and not pursuant to the Settlement Agreement. Here, then, the equitable division claim did not arise until the day after the Deed was executed and in any event after the Deed was delivered.

 Further, even if the Deed was not delivered until the Divorce Proceeding was filed, the constraint on alienation contained in O.C.G.A. § 19–5–7 does not apply to real property unless a lis pendens is filed. Debtor does not allege that he filed a notice of lis pendens; therefore, there is no basis to conclude the exception contained within O.C.G.A. § 19–5–7 applies to the transfer of the Property by the Deed. As a result, the Court finds that the transfer of the Property was affected by the Deed to Ms. Randolph prior to the Petition Date. Consequently, Debtor had no interest in the Property on the Petition Date, the Property was not property of the bankruptcy estate and Debtor had no interest to exempt.

## B Voluntary Transfers and Exemptions

 A debtor can protect property from creditors by claiming exemptions pursuant to 11 U.S.C. § 522(b)(1). Likewise, if a trustee recovers property for the estate then pursuant to 11 U.S.C. § 522(g), a debtor may exempt recovered property,

> to the extent that the debtor could have exempted such property ... if such property had not been transferred, if—(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and (B) the debtor did not conceal such property[.] In other words, if the trustee avoids a voluntary transfer by the

debtor, the debtor is not entitled to any exemption in the recovered property.

*In re Floyd,* 423 B.R. 579, 581 (Bankr. M.D.Ga.2009) (citation omitted). "Subsections (g), (h) and (i) of section 522 are better viewed not as provisions which enable the debtor to bring property into the estate but as specific restrictions on the debtor's general power to exempt estate property .... brought into the estate under certain of the trustee's avoiding powers." *Matter of Wilson,* 694 F.2d 236, 238 (11th Cir.1982).

 In order to prevail on a § 522(g)(1)(A) objection, there must be (i) a recovery by the trustee under his avoidance powers of (ii) property voluntarily transferred by the debtor. *Floyd,* 423 B.R. at 583 (citing *Russell v. Kuhnel (In re Kuhnel),* 495 F.3d 1177, 1181 (10th Cir. 2007). The Bankruptcy Code does not define the term "voluntary," but the courts that have considered this issue "have generally concluded, ... that an involuntary transfer occurs when ... property is transferred by operation of law, such as by means of an execution of judgment, repossession, or garnishment." *Dickson v. Countrywide Home Loans (In re Dickson),* 655 F.3d 585, 593 (6th Cir.2011) (citing *Funches v. Household Fin. Consumer Discount Co. (In re Funches),* 381 B.R. 471, 493 (Bankr.E.D.Pa.2008) (quoting *Berman v. Forti,* 232 B.R. 653, 656 (D.Md. 1999) aff'm without opinion, 203 F.3d 820, 2000 U.S.App. LEXIS 5295 (4th Cir.2000)); *In re Dipalma,* 24 B.R. 385, 387 (Bankr. D.Mass.1982). A transfer may be considered involuntary notwithstanding the fact that the transfer was "not beyond the debtor's control" if the transfer involved "fraud, material misrepresentation or coercion. In this regard, a voluntary transfer is one in which the transfer resulted from the debtor's free will and the debtor acted with knowledge of all essential facts and free from the persuasive influence of another." *In re Sumner,* No. 05–14243, 2007 Bankr.LEXIS 4406, at *6, 2007 WL 7144357, at *3 (Bankr.N.D.Ga. Nov. 26, 2007) (Drake, J.) (citing *In re Davis,* 169 B.R. 285, 296 (E.D.N.Y.1994)).

 Recovery by the Trustee within the context of § 522(g)(1)(A), does not require filing an "adversary proceeding to recover property under § 522(g), so long as the trustee has taken some action resulting in the reconveyance of the property to the estate." *Floyd,* 423 B.R. at 583 (relying on *Russell v. Kuhnel (In re Kuhnel),* 495 F.3d 1177 (10th Cir.2007) and *Glass v. Hitt (In re Glass),* 60 F.3d 565 (9th Cir.1995)); *see also Sumner,* 2007 WL 7144357, at *2, 2007 Bankr.LEXIS 4406, at *8–9 (noting that, "[a]trustee may 'recover' property in a number of ways, including by merely using the threat of avoidance powers to induce a debtor or transferee to return the property to the estate.") (citing *In re Hicks,* 342 B.R. 596 (Bankr.W.D.Mo. 2006) (citing *Glass v. Hitt,* 60 F.3d 565)). In this case, then, if the Property had been reconveyed to Debtor the recovery element of § 552(g)(1) would be satisfied by the demand made in the Objection.

Further, Debtor transferred his interest in the Property to Ms. Randolph in contemplation of the parties' divorce and executed the Deed by which the Property was transferred. Debtor also agreed to the terms of the Settlement Agreement which provided for the transfer of the Property. Debtor has not alleged that the transfer was not freely made and, indeed, he warranted in the Settlement Agreement that he "has executed this agreement freely and voluntarily without interference, duress or coercion from anyone whomsoever." [Doc. No. 40, p. 7]. Consequently, the Court concludes that the transfer was voluntary, and if the Trustee recovers the Property § 522(g)(1) will apply. Although

Debtor argues that the divorce itself was not amicable, this does not change the fact that Debtor voluntarily transferred the Property.

■ Debtor also argues that he has not concealed any facts about the transfer of the Property. While this may be true notwithstanding his representations and omissions about the Property and the transfer in his Statement of Financial Affairs and Schedules A and C, this argument does not affect his ability to exempt an interest in the Property if the Trustee recovers it. This is true because, if either element of § 522(g)(1) is satisfied, exemption is unavailable to the Debtor. *In re McKinnon,* 495 B.R. 553, 555 (Bankr. M.D.Fla.2013) (stating that if either transfer was voluntary or concealed Debtor cannot exempt) (first citing *In re Corwin,* 135 B.R. 922 (Bankr.S.D.Fla.1992); then citing *Deel Rent–A–Car Inc. v. Levine,* 721 F.2d 750 (11th Cir.1983) (stating in dicta that, "[t]he debtor is permitted to [use section 552(g) ] if he had neither voluntarily transferred the assets out of the estate nor concealed them")). Therefore, the Property was voluntarily[6] transferred for purposes of § 522(g)(1)(A). And, to the extent the Trustee recovers the Property Debtor would not be entitled to claim an exemption in the Property. As a result, it is hereby

ORDERED that the Trustee's Objection to Debtor's claimed exemption is SUSTAINED; it is further

ORDERED that the Debtor's claimed exemption in the Property is hereby disallowed; it is further

ORDERED that should the Trustee recover the Property and Debtor claim an

exemption in the Property, the Trustee may renew his § 522(g) objection.

6. Use of the term voluntary herein is limited to construing § 522(g)(1) and not with regard to any consideration or lack thereof for the transfer. The Court expresses no opinion as to the consideration for the transfer of the Property.