RENDERED: FEBRUARY 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0224-MR

MICHAEL KELLY                                                    APPELLANT

v.          APPEAL FROM JEFFERSON CIRCUIT COURT
            HONORABLE DERWIN L. WEBB, JUDGE
            ACTION NO. 15-CI-500163

NORA KELLY                                                        APPELLEE

OPINION
AND ORDER
DISMISSING

** ** ** ** **

BEFORE: COMBS, DIXON, AND TAYLOR, JUDGES.

COMBS, JUDGE: This case involves an action for dissolution of marriage and a

dispute over the division of property. On February 24, 2021, Michael Kelly filed a

notice of appeal seeking to appeal two orders of the Jefferson Family Court. The

first order, entered on December 6, 2019, divided property acquired by Michael

Kelly and his spouse, Nora Kelly, over the course of their marriage; it also

awarded attorney's fees to Nora. The second order, entered on January 28, 2021,

denied Michael's timely motion to alter, amend, or vacate the order of December 6, 2019. Significantly, however, there was no decree of the family court dissolving the parties' marriage. Consequently, we are compelled to dismiss the appeal.

The parties married in October 1998. They separated in September 2013, and Nora filed a petition for a decree of legal separation in Jefferson Family Court. Michael filed his timely response. He indicated that the parties' marriage was irretrievably broken and petitioned for a decree of dissolution. On August 4, 2014, the family court, *sua sponte*, dismissed the action for want of prosecution.

On January 23, 2015, Nora filed a petition for dissolution of the marriage. Michael responded, and the parties filed financial disclosure statements. The court set the matter for trial on August 30, 2017. The trial was continued to December 2017. By order entered on December 20, 2017, the family court denied Michael's motion for entry of a limited decree dissolving the parties' marriage. Time passed. The trial was rescheduled several times: for February 14, 2018; for August 3, 2018; and for January 2019. On January 28, 2019, Michael filed another motion for entry of a limited decree of dissolution of the parties' marriage. The tendered order was not signed by the court nor was it entered by the clerk. The matter finally came on for trial on October 16, 2019.

The family court's order dividing the parties' property was entered on December 6, 2019. Michael's subsequent motion to alter, amend, or vacate was denied by an order of the family court entered on January 28, 2021.

On February 23, 2021, Michael filed a motion for entry of a decree of dissolution of the parties' marriage. He tendered to the court: an order granting the motion; his deposition supplying the necessary proof; and a decree for the court's signature. However, the family court did not find an irretrievable breakdown of the marriage, and neither the order nor the decree was signed or entered. Michael filed his notice of appeal on February 24, 2021, disputing the family court's division of the parties' property.

Our jurisdiction is limited to final judgments. Absent an order finally determining the rights of the parties or made final by inclusion of the language required by the provisions of CR[1] 54.02(1), a trial court's order is merely interlocutory and is not ordinarily subject to our review. *Wilson v. Russell*, 162 S.W.3d 911 (Ky. 2005). Because no decree dissolving the parties' marriage was ever entered in this proceeding, we are compelled to dismiss the appeal.

Our statutory and common law provide that a decree of dissolution of marriage is not subject to review before an appellate court of the Commonwealth.

---

[1] Kentucky Rules of Civil Procedure.

KRS[2] 22A.020(3); *Clements v. Harris*, 89 S.W.3d 403 (Ky. 2002).  In this case, we hold that a claim for equitable distribution of property cannot be decided separately but must be considered only in conjunction with the granting of a divorce decree or a decree of legal separation.  Therefore, a decree in this proceeding is a threshold necessity, and its absence prevents our review of the order dividing the parties' property.

In *Rhodes v. Pederson*, 229 S.W.3d 62, 66 (Ky. App. 2007), we cited with approval language of the Supreme Court of Georgia in *Segars v. Brooks*, 248 Ga. 427, 428, 284 S.E.2d 13, 15 (1981), indicating as follows:

> The law favors marriage, not divorce.  No matter how serious the apparent marital difficulties, we must presume until entry of the divorce decree that the parties might have reconciled and continued their marriage.

Thus, we must presume that the order that forms the basis of this appeal is merely interlocutory.  The order remains subject to the family court's jurisdiction alone and is not amenable to our review.

Moreover, our statutory scheme provides for a division of property only upon dissolution of marriage -- not separate and apart from such a decree.  Under our statutes, a determination of the economic claims of the parties is ancillary to the court's dissolution of the marriage.  Therefore, entry of an order

---

[2] Kentucky Revised Statutes.

-4-

distributing the parties' property without entry of a decree of divorce or separation is improper. Since the family court never granted a decree of dissolution in these proceedings, the order dividing the parties' property is not subject to our review.

Accordingly, we order that this appeal be, and it hereby is, dismissed.

_Sara Combs_
JUDGE, COURT OF APPEALS


ALL CONCUR.


BRIEF FOR APPELLANT:

Thomas M. Denbow
Louisville, Kentucky

BRIEF FOR APPELLEE:

Mary Rives Chauvin
Louisville, Kentucky