In re Lister HARRELL, Debtor.

Anne R. MOORE, Chapter
7 Trustee, Plaintiff,

v.

Lister HARRELL, Defendant.

Bankruptcy No. 89–30327.
Adversary No. 95–03015A.

United States Bankruptcy Court,
S.D. Georgia,
Dublin Division.

July 10, 1997.

Anne R. Moore, Statesboro, GA, for Plaintiff.

Mr. Edward B. Claxton, III, Jones, Hilburn & Claxton, Dublin, GA, for Defendant.

## ORDER

JOHN S. DALIS, Chief Judge.

Lister Harrell (hereinafter "Debtor") filed a proof of claim for an amended homestead exemption claimed in settlement proceeds paid by him to the Chapter 7 Trustee of his bankruptcy estate Anne R. Moore (hereinafter "Trustee"), which payment settled the

Trustee's claim against the Debtor for fraudulent conveyances and concealment of estate property. The Trustee objected to the Debtor's proof of claim and amended claim of exemption. The objection is sustained and the amended claim of exemption is stricken.

The Debtor filed the instant case on October 30, 1989, listing approximately $70,000.00 in assets and $379,000.00 in liabilities. The Debtor failed to disclose in his schedules his pre-petition transfer of real property to corporations owned or controlled by him. On May 8, 1990, the Debtor received a Chapter 7 discharge, and the case was closed on May 23, 1990. The Trustee re-opened the case to set aside the Debtor's fraudulent conveyances. The Trustee and Debtor proposed a compromise agreement to the Trustee's litigation against the Debtor, which agreement I approved on August 6, 1996. The settlement agreement provides in relevant part:

7.

The parties have negotiated a settlement which requires the Debtor, Lister Harrell, to pay to the Trustee the sum of $65,000.00 in full and final settlement of the Trustee's Complaint against the Debtor and the Debtor shall deposit the sum of $65,000.00 into the escrow account of the Trustee.

9.

The above-described settlement is to be in full and final satisfaction of all the claims which the Trustee has or may have against the Debtor as well as any claims the Debtor has or may have against the Trustee.... [All] claims of all parties shall hereby be mutually released, waived, relinquished and satisfied as and among all of the parties to this action.

On July 10, 1996, the Debtor amended Schedule B-4, claiming $5,400.00 of the settlement exempt under Official Code of Georgia Annotated (O.C.G.A.) § 44-13-100(a)(1) & (4).[1] Shortly thereafter, the Debtor filed a proof of claim for $5,400.00 asserting the claim for the homestead exemption under O.C.G.A. § 44-13-100(a)(1) & (6).[2] The Trustee did not object to the claim of exemptions within thirty days of the amendment.

The Trustee objects to the Debtor's proof of claim and to his amended claim of exemptions because (1) the Debtor released all claims against the Trustee as representative of the estate, thereby waiving his claim of exemptions, and (2) the Debtor is prohibited from claiming an exemption in property he fraudulently transferred and concealed. The Debtor contends that the proof of claim and the amended exemption are valid because (1) the Trustee failed timely to file an objection to the exemption, and (2) the settlement only waived the Debtor's claims against the Trustee, not against the estate.

■ The Bankruptcy Code specifies that only creditors, indenture trustees, and equity security holders may file a proof of claim against a bankruptcy estate. 11 U.S.C. § 501(a). The Debtor is neither a creditor, an indenture trustee, nor an equity security

1. O.C.G.A. § 44-13-100(a)(1), (4) & (6) provides in material part:
(a) In lieu of the exemption provided in Code Section 44-13-1, any debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property:
(1) The debtor's aggregate interest, not to exceed $5,000.00 in value, in real property or personal property that the debtor or a dependant uses as a residence, in a cooperative that owns property that the debtor or a dependant of the debtor uses as a residence, or in a burial plot for the debtor or a dependant of the debtor; ...
(4) The debtor's interest, not to exceed $200.00 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments that are held primarily for the personal, family, or household use of the debtor or a dependant of the debtor. The exemption of the debtor's interest in the items contained in this paragraph shall not exceed $3,500.00 in total value; ...
(6) The debtor's aggregate interest, not to exceed $400.00 in value plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property; ...

2. The Debtor's exemption amendment claimed $5,400.00 under O.C.G.A. § 44-13-100(a)(1) & (4), not under subsection (6). In the Debtor's response brief to Trustee's objection to claim, the Debtor argues that the exemption is valid under subsection (6). Because the Debtor's exemption is precluded under the settlement agreement, I do not address the problems raised by the Debtor's improper claim of exemptions.

holder as defined by the code. *See,* 11 U.S.C. § 101(10), (17), (29). The Debtor is ineligible to file a proof of claim against the estate, and his proof of claim is disallowed.

■ Although the Debtor's proof of claim is barred, this does not resolve his attempt to exempt a portion of the settlement proceeds. A debtor may not exempt transferred property recovered by a trustee if the debtor voluntarily transferred the property and concealed the transfer. 11 U.S.C. § 522(g)[3]. This provision would appear to invalidate the Debtor's attempt to exempt the settlement proceeds. However, the Trustee's failure timely to object to a claimed exemption bars a challenge to the exemption's validity even though there is no basis for the exemption. 11 U.S.C. § 522(1)(b)4[4] Federal Rule of Bankruptcy Procedure (FRBP) 4003(b)[5]; *Taylor v. Free-land and Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *Walker v. Smith (In re Smith),* Ch. 7 Case No. 91–12081, Adv. No. 92–1078, slip op. at 7 (S.D.Ga. Nov. 2, 1993); *Price v. Gaslowitz (In re Price),* 173 B.R. 434, 442 (Bankr. N.D.Ga.1994).

In *Smith,* the trustee argued that the debtor improperly claimed an exemption in monthly retirement payments. However, the trustee did not file an objection to the exemption within thirty days of the first meeting of creditors. I refused to consider the merits of the trustee's objection to the exemption because under § 522(*l*) and FRBP 4003(b) the objection was procedurally barred. *Id.* at 5–6.

■ In the instant case, the Debtor amended his exemption list on July 10, 1996 to add a $5,400.00 exemption in the settlement proceeds. Had the Trustee timely objected, the Debtor's exemption could have been precluded under § 522(g) due to the Debtor's voluntary transfer and fraudulent concealment of the transfer and the property. However, the Trustee did not file a timely objection to the claimed exemption or request an extension of time to file. The Trustee is therefore barred from challenging the exemption.

■ Even though the exemption is deemed valid, the terms of the settlement agreement bars the assertion of this exemption. The Debtor contends that the settlement agreement only released claims against Trustee, not the estate, and that if the parties contemplated such a release he would have specifically waived his homestead exemption. A trustee is the representative of the estate with the capacity to sue and be sued. 11 U.S.C. § 323[6]. As representative of the estate, "[t]he trustee ... must be named as a party defendant in an action seeking to proceed against assets of the estate." *Bellini Imports, Ltd. v. The Mason Dixon Lines, Inc.,* 944 F.2d 199, 202 (4th Cir.1991). As such, a trustee is the proper

---

**3.** 11 U.S.C. § 522(g) provides:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
(B) the debtor did not conceal such property; or
(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

**4.** 11 U.S.C. § 522(*l*) states in pertinent part:

(*l*) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section.... [U]nless a party in interest objects, the property claimed as exempt on such list is exempt.

**5.** FRBP 4003(b) provides:

(b) **Objections to Claim of Exemptions.** The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list of supplemental schedules unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and the attorney for such person.

**6.** 11 U.S.C. § 323 provides:

(a) The trustee in a case under this title is the representative of the estate.
(b) The trustee in a case under this title has capacity to sue and be sued.

party in interest to assert or waive any claim of the estate and against whom any claim against the estate must be asserted. The settlement order acknowledged the Trustee's representative capacity, as the settlement proceeds were to be paid by the Debtor to the Trustee as representative of the estate, not in her individual capacity. The Debtor paid no consideration to the Trustee nor received any consideration from the Trustee in satisfaction of any claims involving Ms. Moore, individually. I find that by the terms of the settlement agreement the Debtor waived any claim he held against the estate, including his amended claim of exemption, in exchange for settlement of the estate's claim against him.

 The Debtor also claims that any waiver of his homestead exemption is invalid under 11 U.S.C. § 522(e) [7]. However, by its express terms, § 522(e) applies to unsecured creditors, not to a trustee.

It is therefore ORDERED that the Trustee's objection to Debtor's claim is SUSTAINED and the Debtor's exemption claim against the settlement proceeds is stricken.

---

**7.** 11 U.S.C. § 522(e) provides:

(e) A waiver of an exemption executed in favor of a creditor that holds an unsecured claim against the debtor is unenforceable in a case under this title with respect to such claim against property that the debtor may exempt under subsection (b) of this section. A waiver by the debtor of a power under subsection (f) or (h) of this section to avoid a transfer, under subsection (g) or (i) of this section to exempt property, or under subsection (i) of this section to recover property or to preserve a transfer, is unenforceable in a case under this title.