**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 29 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS
### TENTH CIRCUIT

In re:  GLENN ALLEN DUNCAN,

    Debtor.

_____

TRACY LYNNE ZUBROD, Trustee

    Appellant,

v.                                                                             No. 02-8010

GLENN ALLEN DUNCAN,

    Appellee.

**APPEAL FROM THE UNITED STATES BANKRUPTCY APPELLATE
PANEL FOR THE TENTH CIRCUIT
(BAP No. WY-01-042)**

James R. Belcher of Holland & Hart, LLP, Cheyenne, Wyoming, for Appellant.

The Appellee did not appear or file a brief.

Before **KELLY** and **O'BRIEN**, Circuit Judges, and **EAGAN**,[*] District Judge.

**EAGAN**, District Judge.

_____

[*]The Honorable Claire V. Eagan, United States District Judge for the
Northern District of Oklahoma, sitting by designation.

Glenn Allen Duncan ("Debtor") declared bankruptcy after transferring his fee interest in property he used for a home and office ("Property") to himself and to his wife so as to create a tenancy by the entirety.[1]  Debtor claimed a homestead exemption, and no objections to his claim were filed.  Tracy Lynne Zubrod ("Trustee") then recovered the Property for the bankruptcy estate by avoiding the transfer as fraudulent.  When Trustee put the Property up for sale, Debtor moved for turnover of his homestead exemption proceeds at the conclusion of the sale.

The United States Bankruptcy Court for the District of Wyoming and the Bankruptcy Appellate Panel ("BAP") for the Tenth Circuit ruled in favor of Debtor, reasoning that Trustee actually recovered only that portion of the Property owned by Debtor's wife.  Trustee appeals, claiming that Debtor is not entitled to the exemption proceeds because he voluntarily transferred the Property.  Our jurisdiction arises under 28 U.S.C. § 158(d) and Fed. R. App. P. 6(b).  For the following reasons, we reverse and remand.

## I

Debtor is a Wyoming attorney.  In 1992, he began representing Michael Gallegos, the personal representative of the Estate of Castulo Gallegos, deceased, to prosecute a wrongful death action.  In 1993, he purchased the Property and

---

[1]Commentators and courts sometimes refer to this tenancy as "tenancy by the entireties."

took title solely in his own name, although he paid part of the purchase price by borrowing funds with his fiancee based on her credit rating. After their marriage, the couple resided in the Property, and Debtor used the Property as his law office as well.

Debtor filed the wrongful death action on behalf of the Gallegos family in 1994. The defendant moved to dismiss, arguing that the complaint was barred by the applicable statute of limitations. The court set a hearing on the motion, but before the date of the hearing, Debtor transferred title to the Property to himself and his wife as tenants by the entirety. The transfer rendered Debtor insolvent. The court dismissed the wrongful death action a few months later based on the defendant's argument that it was time-barred.

In 1996, Michael Gallegos sued Debtor for professional negligence. The judge entered summary judgment for the Gallegos estate and submitted the question of damages to a jury. A jury awarded damages in the amount of $172,000 on March 7, 1998. Debtor filed a voluntary petition for Chapter 7 relief on March 12, 1998, prior to the entry of a final judgment in the legal malpractice action. He listed the worth of the Property as $200,000, with a $95,117.94 mortgage against it, leaving approximately $105,000 equity in the Property. He

claimed that the Property was completely exempt under 11 U.S.C. §522(b)(2)(B)[2] because he and his wife held title as tenants by the entirety; he also claimed a $10,000 homestead exemption under Wyoming law.[3] No objection was filed within the statutory 30-day period for filing objections, and Debtor was discharged on June 16, 1998.

Trustee filed an adversary proceeding on July 6, 1998, seeking to avoid the transfer as fraudulent and recover the Property for the benefit of the estate. The Bankruptcy Court granted summary judgment in Trustee's favor on June 16, 1999. When Trustee filed a notice of intent to sell the Property and sought the court's approval for the sale, Debtor objected because the notice did not include

---

[2]Section 522(b)(2)(B) provides, in relevant part:

> (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate . . .
> (2)(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

[3]Wyo. Stat. Ann. § 1-20-101 provides: "Every resident of the state is entitled to a homestead not exceeding ten thousand dollars ($10,000.00) in value, exempt from execution and attachment arising from any debt, contract or civil obligation entered into or incurred." Wyo. Stat. Ann. §1-20-102 provides: "(a) The homestead is only exempt as provided in W.S. 1-20-101 while occupied as such by the owner or the person entitled thereto, or his or her family. (b) When two (2) or more persons jointly own and occupy the same residence, each shall be entitled to the homestead exemption."

reference to Debtor's $10,000 homestead exemption, and he moved for turnover of the exemption proceeds at the time of the sale. Debtor argued that Trustee's failure to object to his claim for the homestead exemption within the 30-day period prescribed by law entitled him to the exemption proceeds after sale of the Property. Trustee argued that the Debtor's claim to a homestead exemption was invalid under 11 U.S.C. § 522(g) because he voluntarily transferred the recovered Property.

The Property ultimately sold pursuant to an order of the Bankruptcy Court, but the parties agreed to hold approximately $45,000 in proceeds from the sale pending a decision on Debtor's motion for turnover. On June 4, 2001, the Bankruptcy Court ruled that Debtor was not prevented by 11 U.S.C. § 522(g)(1) from claiming his homestead exemption. The Bankruptcy Court reasoned:

> [Debtor's] ownership and other rights in the property, including the right to possession and occupancy, were rights which were never transferred. Those interests became property of the estate at filing. Construing the exemption laws in the debtor's favor, the court concludes the transfer avoided by the trustee did not include the rights of ownership and possession to which the homestead exemption attaches, interests in property [Debtor] enjoyed on the date he filed the bankruptcy petition. The homestead exemption is valid on those rights.

Appellant's Appendix ("Aplt. App.") at 67. The Bankruptcy Court also mentioned Trustee's failure to object to the exemption claim under Fed. R. Bankr. P. 4003(b) as a possible alternative basis for its ruling. The order required

Trustee to disburse the homestead exemption proceeds in the amount of $10,000 to Debtor.

Trustee timely appealed to the BAP, and the BAP affirmed on January 3, 2002. Zubrod v. Duncan (In re Duncan), 271 B.R. 196 (B.A.P. 10th Cir. 2002). The BAP's rationale for its decision was that Debtor and his wife each held a separate, undivided interest in the Property, and Debtor's interest passed to the estate when he filed for bankruptcy protection under Chapter 7. According to the BAP, the judgment avoiding the transfer resulted in a recovery of property from Debtor's wife -- not from Debtor. Thus, section 522(g)(1) was not applicable to the exemption claimed by Debtor. Trustee timely appealed to this Court.

**II**

We review the BAP's decision *de novo* because "[t]here are no factual disputes and the issues on appeal pertain to the proper application of bankruptcy statutes and interpretation of case law. . . ." In re Albrecht, 233 F.3d 1258, 1260 (10th Cir. 2000); see also In re Annis, 232 F.3d 749, 751 (10th Cir. 2000). In this review, we independently review the Bankruptcy Court's decision. In re Albrecht, 233 F.3d at 1260. Further, "[s]ince there is no federal law of property, it is necessary to look to state law to determine the nature, extent, and effect of the debtor's interest in a tenancy by the entirety . . . ." In re Anselmi, 52 B.R. 479, 484 (Bankr. D. Wyo. 1985) (citations omitted). In particular, "bankruptcy

-6-

courts must resort to state law for interpretation of state exemption rights in homesteads." In re Barnhart, 47 B.R. 277, 279 (Bankr. N.D. Tex. 1985)

The parties initially framed the issue in terms of whether the Debtor's claim to a homestead exemption was invalid notwithstanding the Trustee's failure to object within the statutory period of Fed. R. Bankr. P. 4003(b). First the Bankruptcy Court, and then the BAP, rephrased the issue in terms of whether the homestead exemption was valid notwithstanding the avoided transfer. In so doing, the Bankruptcy Court and the BAP shifted the focus of the inquiry to the character of the Property transferred.

The statutory provision at the center of this controversy is section 522(g)(1) of the Bankruptcy Code, which provides as follows:

> (g) Notwithstanding sections 550 and 551 of this title the debtor may exempt under subsection (b) of this section property that the trustee recovers under sections 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if –
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
> (B) the debtor did not conceal such property . . . .

11 U.S.C. § 522(g)(1).

The plain language of section 522(g)(1) provides that a debtor cannot assert any exemption in property a trustee recovers after the debtor's voluntary transfer of the property. Redmond v. Tuttle, 698 F.2d 414, 417-18 (10th Cir. 1983). The

term "transfer" is broadly defined. Id. at 417 n. 8. To avoid the import of Redman, the Bankruptcy Court and BAP focused on the term "recovers." In their analysis of what the Trustee recovered, however, they semantically negated the effect of the Debtor's transfer.

In particular, the BAP's emphasis on the phrase "property that the trustee recovers" in section 522(g)(1) led to its ultimate conclusion that the section was inapplicable. The BAP reasoned that the Trustee recovered only the interest in the Property held by the Debtor's wife because the Debtor's undivided interest in the Property passed to the estate when he filed for bankruptcy, and his wife continued to hold a "separate, undivided interest" in the Property. The BAP's repeated use of the oxymoronic phrase "separate, undivided interest" is unfortunate because, while each tenant by the entirety may have separate *rights* in entirety property, it is clear that, under Wyoming law, they do not have separate *interests* in the property. See Talbot v. United States, 850 F. Supp. 969, 972-73 (D. Wyo. 1994); Peters v. Dona, 54 P.2d 817, 820 (Wyo. 1936). This distinction is critical to the Debtor's right to claim an exemption.

Relying on In re Ford, 3 B.R. 559, 570 (Bankr. D. Md.1980), for the general proposition that a debtor's interest in property as a tenant by the entirety is property of the estate, the BAP disregarded the Ford court's specific remarks explaining that the "time-honored unities of time, title, identity of interest, and

possession necessary to preserve the estate by the entireties," was not severed when the debtor's interest passed to the estate. The court observed:

> The trustee merely obtains and retains custody of the debtor's undivided interest consisting of the same unities, intact and unaltered as they existed immediately prior to the filing of the petition, until such time as that interest, still intact and unaltered, is exempted from the estate under § 522(b)(2)(B), provided such exemption is available and properly taken by the debtor.

Id. at 570.

The Ford decision did not address a situation in which fraudulent conduct is involved. The court generally recognized that a debtor is entitled to convert non-exempt property into exempt property up until the filing of the bankruptcy petition, and that this practice is not fraudulent *per se.* Id. at 577. "However, when the conversion is intended to defeat the interests of creditors, such exemptions may be denied to the extent of any fraudulent conduct." In re Elliott, 79 B.R. 944, 946 (Bankr. M.D. Fla. 1987). In this matter, the BAP ignored the effect of the Debtor's fraudulent, voluntary transfer on his right to claim any exemption in the Property, whether or not his interest could be characterized as "separate, yet undivided." The BAP thus erred in finding section 522(g)(1) inapplicable.

The two Wyoming decisions, In re Wenande, 107 B.R. 770 (Bankr. D. Wyo. 1989), and In re Anselmi, 52 B.R. 479 (Bankr. D. Wyo. 1985), cited by the BAP as supportive of the Ford general proposition, do not support the BAP's overall

analysis.  <u>Wenande</u> concluded that entireties property which was not exempt could be used to satisfy all of a creditor's claims, including claims against only one of two joint debtors.  107 B.R. at 774-75.  In so holding, the <u>Wenande</u> court cited to <u>Anselmi</u> for the proposition that a Wyoming debtor may exempt property held as tenants by the entireties.  <u>Id.</u> at 775.  "Bankruptcy courts and appellate courts have been nearly unanimous in holding that the debtor's interest in the entirety property is property of the estate under Section 541(a)(3),"[4] but "[o]nce all property of the debtor comes into the estate under § 541, the debtor may then exempt certain property under 11 U.S.C. § 522(b)," including any interest in property held as a tenant by the entirety.  <u>In re Anselmi</u>, 52 B.R. at 483-84 (footnote citations omitted).  Here, however, the Property is subject to execution because it was fraudulently transferred.

Absent the Bankruptcy Court's avoidance of the transfer, Debtor claimed exemption in all of the Property, not just the $10,000 homestead exemption.  If his fraudulent act does not permit him to claim the tenancy by the entirety exemption under section 522(b)(2)(B), it should not permit him to claim the $10,000 Wyoming homestead exemption.  Section 522(g) precludes either

_____

[4]Section 541(a)(3) provides:  "The commencement of a case under section 301, 302, or 303 of this title creates an estate.  Such estate is comprised of all the following property , wherever located and by whomever held: . . . (3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title."

exemption. The decisions of the Bankruptcy Court and the BAP, however, permit the latter but not the former.

Debtor, being a Wyoming lawyer, presumably knew that "property held as a tenancy by the entireties 'is not subject to execution or other creditor's process for the separate debts of one of the spouses.'" <u>Talbot</u>, 850 F. Supp at 973 (quoting <u>Colorado Nat'l Bank v. Miles</u>, 711 P.2d 390, 394 (Wyo. 1985)). He transferred the Property to himself and his wife during the legal malpractice action, apparently to keep the Property beyond the reach of creditors in the event he were found liable. The transfer was deemed fraudulent for that reason. (<u>See</u> Decision on Cross Motions for Summary Judgment, Aplt. App. at 5-21) If Debtor had not transferred the Property, or if the transfer had been involuntary, he could have claimed the homestead exemption. He cannot claim the exemption for a voluntary transfer.

Essentially, the BAP's analysis blurs the distinction between two well-established legal concepts: tenancy by the entireties and joint tenancy. Under Wyoming law, "'[a]n estate by the entireties involves the unities of time, title, **interest**, and **possession**, as well as the husband and wife unity of **ownership**.' 26 Am. Jur. § 71, p. 698." <u>Ward Terry & Co. v. Hensen</u>, 297 P.2d 213, 215 (Wyo. 1956)(emphasis added). This contradicts the assertion by the Bankruptcy

-11-

Court that the Debtor held the rights of ownership and possession separate from the interests in the Property held by his wife. See Aplt. App. at 67.

Debtor transferred his pre-existing sole rights to ownership and possession of the Property to himself and his wife so as to share those rights with his wife. As the Trustee argues, these rights cannot be "unbundled" from the "bundle of sticks" represented by a tenancy in the entirety. See United States v. Craft, 535 U.S. 274, 122 S. Ct. 1414, 1420 (2002) (explaining that the common "bundles of sticks" idiom refers to "a collection of individual rights which, in certain combinations, constitute property.")[5] The Ward Terry court explained,

---

[5]The Craft court found that some of those "sticks" constitute property for federal tax lien purposes under 26 U.S.C. § 6321. Id. at 1423-25. In so holding, the Craft court examined the nature of tenancy by the entirety, recognizing that it is a "unique sort of concurrent ownership that can only exist between married persons." Id. at 1421. The Court recognized that, under Michigan law, a taxpayer does not have a separate, individual interest in entireties property, but a tenant by the entirety may have personal rights to use, share income, and exclude third parties, among other rights, to which a federal tax lien may attach. Id. at 1422-23. Absent this ruling, two spouses could shield their entire property from federal taxation by holding it as entireties property. Id. at 1424. We read the Craft ruling as limited to the interest in a taxpayer's property to which a federal tax lien attaches. The Court stated as much by its recognition of state law exempting tenancy by the entirety property from claims of creditors. See id. at 1426. The Court indicated that it was not bound by state law on the issue because its interpretation of the federal tax lien statute is a federal question. Id. at 1420, 1426.

-12-

> Entirety in this connection means indivisibility. The estate is owned not by one [but] by both as an indivisible entity and has the characteristics of a joint tenancy by reason of the fact that the survivor takes all. But the estates differ in the fact that joint tenants may divide the estate, but tenants by the entirety cannot do so except by the joint act of husband and wife.

297 P.2d at 214-15. The principles of Ward Terry have consistently been upheld by the Wyoming Supreme Court and federal courts in Wyoming. E.g., Talbot, 850 F. Supp. at 973 ("the long-standing rule in Wyoming [is] that in an estate by the entireties, the husband and wife together take the whole estate as one person, and '"neither has a separate estate or interest in the land, but each has the whole estate.'"(quoting Peters, 54 P.2d at 820)); In re Anselmi, 52 B.R. at 491 (quoting Ward Terry for its emphasis on the unity of interest); see also Witzel v. Witzel, 386 P.2d 103, 106-07 (Wyo. 1963); Wambeke v. Hopkin, 372 P.2d 470, 474-75 (Wyo. 1962).[6] The BAP and Bankruptcy Court orders undermine this well-established law in Wyoming. By virtue of the unity of interest, when the Trustee recovered the Property, the Trustee recovered the interest of the Debtor **and** his wife.

The BAP and Bankruptcy Court orders also undermine the policy underlying section 522(g)(1). As set forth in Hitt v. Glass (In re Glass), 164 B.R.

---

[6]Tader by Tader, 737 P.2d 1065 (Wyo. 1987), cited by the BAP, is inapposite. Notwithstanding the remarks of the Tader court relevant to the common law fiction of "unity" between husband and wife, the issue in Tader was the abolition of interspousal immunity -- not tenancy by the entirety.

759 (B.A.P. 9th Cir. 1994), aff'd, 60 F.3d 565 (9th Cir. 1995), "[t]he purpose of section 522(g) is to prevent a debtor from claiming an exemption in recovered property which was transferred in a manner giving rise to the trustee's avoiding powers, where the transfer was voluntary or where the transfer or property interest was concealed." Id. at 764 (citation omitted). A debtor should not be afforded any benefit from fraudulent conduct that necessitates additional proceedings for a trustee to secure the assets for the debtor's creditors. Id. at 765. Debtor injured the creditor with the largest claim on his assets when he failed to file a lawsuit within the applicable statute of limitations. He should not be permitted to cause additional injury by claiming an exemption that would significantly diminish the funds from which that creditor may obtain some measure of relief.

The Trustee argues that affirming the BAP order would create an incentive for a debtor to fraudulently transfer property to a tenancy by the entirety because the property could be entirely exempt from creditor claims if the trustee fails to bring an avoidance action, and the debtor will be no worse off if the trustee manages to avoid the transfer. The Trustee also points out that affirmance could have other adverse implications because section 522(g)(1) embraces all "recoveries" under sections 510(c)(2), 542, 543, 550 [which incorporates sections 544, 547, 548, 559, 553(b) and 724(a)], 551, and 553 of the Bankruptcy Code. In

-14-

essence, affirmance would encourage debtors to transfer to others the rights in their property that have economic value to their creditors, while retaining limited interests, and thus "open the floodgates" to further litigation.

We find these policy arguments particularly strong. The orders of the BAP and the Bankruptcy Court foster the general policy of giving a debtor an unencumbered fresh start. However, the opportunity for a fresh start is available only to the honest debtor. See Grogan v. Garner, 498 U.S. 279 (1991); Village of San Jose v. McWilliams, 284 F.3d 785, 790 (7th Cir. 2002); In re Glass, 164 B.R. at 764; Schieffler v. Beshears (In re Beshears), 182 B.R. 235, 241 (Bankr. E.D. Ark. 1995). Section 522(g)(1) is applicable to the homestead exemption claimed by Debtor. He is not entitled to the exemption proceeds.

### III

The Bankruptcy Court stated that "[a]lternative grounds may be in the debtor's favor as well," in reference to the Trustee's failure to object to the homestead exemption under Fed. R. Bankr. P. 4003(b),[7] but the opinion did not rest on that ground. (Aplt. App. at 68.) The BAP also mentioned the Trustee's

---

[7]Fed. R. Bankr. P. 4003(b) provides, in relevant part:

A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. . . .

-15-

failure to object but did not rely on that failure as a basis for its affirmation. The BAP specifically stated: "We are not holding that the Trustee's objection to the Debtor's exemption under § 522(g)(1) was barred as untimely. We are merely stating that since § 522(g)(1) does not apply in this case, the Debtor's otherwise unopposed claimed exemption stands." (Aplt. App. at 78.)

Both opinions cite to <u>Taylor v. Freeland & Kronz</u>, 503 U.S. 638 (1992), wherein a Chapter 7 debtor claimed an exemption in potential proceeds from a pending employment discrimination suit. The <u>Taylor</u> court held that the trustee in that matter could not contest the validity of the claimed exemption, even though the debtor had no colorable basis for claiming it, because the 30-day period for objecting under Rule 4003(b) had expired and the trustee had not obtained an extension of time. <u>Id.</u> at 643-44.

<u>Taylor</u> did not involve an adversary proceeding to avoid a fraudulent transfer, or any issue of whether section 522(g)(1) applies despite the lack of a timely objection under Rule 4003(b). Courts faced with these issues since <u>Taylor</u> have reached differing conclusions. <u>Compare</u> <u>Levine v. Weissing (In re Levine)</u>, 134 F.3d 1046 (11th Cir. 1998) (holding that Rule 4003(b) does not bar trustee from bringing an adversary proceeding under the Bankruptcy Code to contest a transfer of funds) with <u>In re Butler</u>, 271 B.R. 807 (Bankr. E.D. Tenn. 2001) (holding that debtor was entitled to a homestead exemption in property that was

sold by trustee because trustee failed to object within 30 days, even though a preferential transfer of property was involved that could have been avoided under the Bankruptcy Code), and <u>Moore v. Harrell (In re Harrell)</u>, 212 B.R. 174 (Bankr. S.D. Ga. 1997) (holding that trustee's failure to object barred him from challenging an exemption claimed by debtor in proceeds paid by debtor in settlement of trustee's claim for fraudulent conveyances and concealment of estate property).

We believe the better view is that of the <u>Levine</u> court. The debtors in that case voluntarily and fraudulently transferred non-exempt assets to various insurance companies to purchase annuities that were exempt from creditors' claims under state law, and the court permitted the trustee to set aside the transfer notwithstanding the trustee's failure to object under Rule 4003(b). The <u>Levine</u> court found that the trustee's actions were subject to the two-year statute of limitations governing adversary proceedings under the trustee's avoidance powers, 11 U.S.C. § 546(a)(1)(A). The <u>Levine</u> court reasoned that the trustee's actions were not subject to the 30-day limitations period governing objections to claimed exemptions because the trustee was not contesting the exemptions *per se*;

pursuant to 11 U.S.C. § 544(a), he was seeking instead to avoid the transfer of property by the debtor.[8]

We find the Levine court's rationale persuasive. Were we to hold otherwise, the two-year limitations period of section 546(a)(1)(A) would effectively become a 30-day limitations period, thereby rendering the provision meaningless. As set forth in In re Harry, 151 B.R. 735 (Bankr. W.D. Va. 1992):

> The trustee is not contesting the debtor's right to claim the section 522(b)(2)(B) exemption. Unless and until the trustee successfully avoids the transfer that created the tenancy by the entirety, the debtor is entitled to the exemption. Requiring the trustee to bring such an action within the 30 day claim objection period would defeat the purpose of the much longer limitations period on the trustee's avoiding powers provided in 11 U.S.C. 546(a).

Id. at 738. When two statutes are capable of coexistence, it is our duty, "absent a clearly expressed congressional intention to the contrary, to regard each as effective." Pitzak v. Office of Personnel Management, 710 F.2d 1476, 1479 (10th Cir. 1983) (citations omitted); see also Chemical Weapons Working Group, Inc. (CWWG) v. United States Dept. of the Army, 111 F.3d 1485, 1490 (10th Cir.

---

[8]A year later, the Eleventh Circuit specifically held that the proper means of challenging a debtor's exemption claim for tenancy by the entireties property, where the challenge is based on the theory that the entireties estate was created by a fraudulent conveyance and could be avoided, was through an adversary proceeding, and not through an objection to the claimed exemption. Havoco of America, Ltd. v. Hill, 197 F.3d 1135, 1140-41 (11th Cir. 1999). The Havoco court reasoned that the nondebtor spouse's "due process rights could not be adequately preserved in a proceeding to which she is not a party and in which her property rights may effectively be terminated." Id. at 1140.

-18-

1997) (courts must "construe apparently conflicting statutes harmoniously where possible"); Franklin v. United States, 992 F.2d 1492, 1502 (10th Cir. 1993) ("even where two statutes are not entirely harmonious, courts must, if possible, give effect to both, unless Congress clearly intended to repeal the earlier statute.").

We are mindful that the basic premise of Taylor has been affirmed in this circuit. See Kwiecinski v. Community First Nat'l Bank of Powel (In re Kwiecinski), 245 B.R. 672 (B.A.P. 10th Cir. 2000). Yet, that case did not involve an adversary proceeding to recover property voluntarily and fraudulently transferred. "An objection to exemptions is not tantamount to an action to recover exempt property." In re Page, 240 B.R.548, 552 (Bankr. W.D. Mich. 1999).[9] Accordingly, we hold that Debtor is not entitled to claim a homestead exemption in property voluntarily transferred and recovered by the Trustee in an adversary proceeding, notwithstanding the Trustee's failure to object within the 30-day period of Fed. R. Bankr. P. 4003(b).

---

[9]The Page court noted: "The distinction between an objection to an entireties exemption and an action to set aside a fraudulent conveyance that creates a tenancy by the entireties is particularly important in bankruptcy." Id. at 552 n. 8. The court explained: "In effect, avoiding a transfer (as opposed to merely sustaining an objection), increases (presumptively doubles) the amount of property available to satisfy claims against the estate." Id.

**IV**

For the foregoing reasons, the orders of the Bankruptcy Appellate Panel and the Bankruptcy Court are **REVERSED**, and the case is **REMANDED** to the Bankruptcy Court for further proceedings not inconsistent with this opinion.