**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

In re: NICHOLAS LEE KUHNEL,
also known as Nick Kuhnel;
ELIZABETH ANN KUHNEL, also
known as Lizz Kuhnel,

      Debtors,

------------------------

R. MICHELE RUSSELL, Trustee,

      Appellant,

  v.

NICHOLAS LEE KUHNEL;
ELIZABETH ANN KUHNEL,

      Appellees.

No. 06-8070

_____

**APPEAL FROM THE UNITED STATES BANKRUPTCY**
**APPELLATE PANEL FOR THE TENTH CIRCUIT**
**(BAP NO. WY-06-022)**

_____

Submitted on the briefs:[*]

Frank B. Watkins, Riverton, Wyoming, for Appellant.

_____

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Stephen R. Winship, Winship and Winship, P.C., Casper, Wyoming, for Appellee.

Before **LUCERO**, **BRORBY**, and **McCONNELL**, Circuit Judges.

**McCONNELL**, Circuit Judge.

This bankruptcy case requires us to examine the relationship between 11 U.S.C. § 522(g) and Federal Rule of Bankruptcy Procedure 4003(b). Section 522(g) prevents a debtor from claiming exemptions in voluntarily transferred property that the trustee recovers for the estate. Rule 4003(b) gives the trustee thirty days to object to a debtor's claimed exemptions. The bankruptcy court in this case allowed the trustee to contest an exemption under § 522(g) after the Rule 4003(b) deadline had run, but the Bankruptcy Appellate Panel (BAP) held that the trustee's objection was time-barred. We have jurisdiction under 28 U.S.C. § 158(d) and Fed. R. App. P. 6(b), and we now reverse the BAP.

## I. Facts and Proceedings

On May 14, 2005, Nicholas and Elizabeth Kuhnel (debtors) purchased a Chevy Trailblazer (truck), financed by Toyota Motor Credit Corporation (Toyota). Toyota retained a purchase money security interest (PMSI) in the truck, but neglected to perfect its security interest until June 23, 2005. That same day, debtors filed for Chapter 7 bankruptcy protection. In their bankruptcy petition, debtors claimed a combined state-law exemption in the truck, *see* Wyo. Stat. Ann.

§ 1-20-106(a)(iv), totaling $4,800. The bankruptcy estate's trustee, R. Michelle Russell (trustee), held the required meeting of creditors on July 21, 2005, *see* 11 U.S.C. § 341; Fed. R. Bankr. P. 2003(a), but never objected to the exemption until more than six months later, on January 27, 2006.

At some point, the trustee caused Toyota to consensually release its lien. The trustee then objected to debtors' claimed exemption, arguing that Toyota's lien resulted from a voluntary transfer that she recovered using her statutory avoiding powers. Debtors countered that the trustee's objection was untimely under Rule 4003(b) because it had not been filed within thirty days of the creditors' meeting. They also argued that because the truck had always remained in their possession, there was no voluntary transfer of property recovered by the trustee, and thus § 522(g) was not applicable.

The bankruptcy court sustained the objection, reasoning that debtors' granting of the lien to Toyota was a voluntary transfer, and there was no equity in the truck. Additionally, citing *Zubrod v. Duncan (In re Duncan)*, 329 F.3d 1195 (10th Cir. 2003), the bankruptcy court held that a timely objection under Rule 4003(b) was not a prerequisite to the application of § 522(g).

Debtors appealed, and a divided BAP reversed. The majority first noted that the trustee never initiated formal adversary proceedings to avoid Toyota's lien, but instead convinced Toyota to consensually release it. The majority found that by acting without formal proceedings, the trustee failed to preserve Toyota's

-3-

lien for the benefit of the estate, and as a consequence, § 522(g) was unavailing. Looking instead to Rule 4003(b), the majority held that the trustee was required to file her objection to the claimed exemption within thirty days after the meeting of creditors. Moreover, the majority concluded that *Duncan* was not proper authority for ruling otherwise because the fraudulent circumstances that existed in that case were clearly absent from the present case.

The dissent, however, took the position that *Duncan* was not distinguishable by virtue of its fraudulent transfer. Instead, the dissent found that *Duncan* similarly involved a voluntary transfer of property recovered by the trustee using his statutory avoiding powers. Reasoning that Toyota's lien was the result of a voluntary transfer by debtors as a matter of law, the dissent disagreed with the majority's ruling that formal adversary proceedings were necessary to preserve the lien for the estate. Rather, the dissent argued that the effect of Toyota releasing its lien was the same as if the trustee had initiated formal adversary proceedings to avoid it – namely that the cloud on the truck's title was lifted. Asserting that an avoided lien is automatically preserved for the bankruptcy estate, the dissent maintained that § 522(g) applied and *Duncan* controlled the analysis. Believing that *Duncan* permitted a trustee to recover voluntarily transferred property beyond the thirty-day window of Rule 4003(b), the dissent concluded that the trustee's objection should have been sustained.

This appeal followed.

## II. Analysis

"On appeal from BAP decisions, we independently review the bankruptcy court's decision. We review the bankruptcy court's legal determinations de novo, and its factual findings under the clearly erroneous standard." *Lampe v. Williamson (In re Lampe)*, 331 F.3d 750, 753 (10th Cir. 2003) (italics, alteration, citation, and quotation omitted).

The trustee contends that Rule 4003(b) does not bar her objection here because debtors' exemption is precluded by § 522(g). Alternatively, she argues that the exemption is invalid because debtors held no equity in the truck. We agree with the trustee's initial contention and therefore do not reach the latter.

### A. Rule 4003(b)

We begin with the general principle set forth by Rule 4003(b), which requires a trustee to object to a debtor's claimed exemption within thirty days of the meeting of creditors:

> A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

Fed. R. Bankr. P. 4003(b).

Rule 4003(b) has been strictly interpreted by the Supreme Court, as well as various courts within this circuit. Indeed, the Supreme Court has held that a

trustee's failure to object to a debtor's claimed exemption within the time established by Rule 4003(b) prevents the trustee from later challenging the exemption's validity. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642 (1992). Similarly, the 10th Circuit BAP has held that "when no objection is made within the time established by [Rule] 4003(b), [11 U.S.C.] § 522(*l*) provides that the property claimed as exempt in the [d]ebtors' schedules is exempt." *Kwiecinski v. Cmty. First Nat'l Bank of Powell (In re Kwiecinski)*, 245 B.R. 672, 675 (B.A.P. 10th Cir. 2000). And in the context of extending the thirty-day period, this court has held that the "precise time limitations" of Rule 4003(b) permit the bankruptcy court to "extend the period for objections to exemptions only by acting within the original time period." *Clark v. Brayshaw (In re Brayshaw)*, 912 F.2d 1255, 1256-57 (10th Cir. 1990).

These authorities tell us that the deadline established by Rule 4003(b) is uncompromising and inflexible. The trustee does not dispute that her objection was not filed within thirty days after the creditors' meeting. Therefore, unless § 522(g) somehow operates beyond the deadline of Rule 4003(b), the trustee's objection is necessarily barred.

### B. 11 U.S.C. § 522(g)

"The purpose of section 522(g) is to prevent a debtor from claiming an exemption in recovered property which was transferred in a manner giving rise to the trustee's avoiding powers, where the transfer was voluntary or where the

transfer or property interest was concealed." *In re Duncan*, 329 F.3d at 1201

(alteration and quotation omitted). The statute provides:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if –
>
>     (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
>     (B) the debtor did not conceal such property . . . .

11 U.S.C. § 522(g)(1).

The trustee here asserts that an objection made under § 522(g) need not be timely because the statute specifically prohibits a debtor from claiming an exemption in voluntarily transferred property recovered by a trustee. Asserting that debtors voluntarily transferred an interest in the truck by granting Toyota a PMSI, the trustee contends that she recovered this interest by convincing Toyota to release its lien. Not surprisingly, debtors dispute this analysis and argue that there was no voluntary transfer and thus nothing to recover. As a result, debtors claim that § 522(g) does not even apply and the trustee's objection is time-barred.

For § 522(g) to apply, there must be both a voluntary transfer, as well as a recovery. Under the bankruptcy code, a PMSI is an avoidable transfer if a creditor fails to timely perfect its security interest. *See* 11 U.S.C. § 547(c)(3)(B); *Fid. Fin. Servs., Inc. v. Fink*, 522 U.S. 211, 221 (1998). Here, because Toyota failed to timely perfect its security interest, there was an avoidable voluntary

transfer that satisfies the first criteria of § 522(g). The second requirement is likewise satisfied as the trustee's efforts to convince Toyota to release its lien constitute a valid recovery. Indeed, a trustee need not initiate formal adversary proceedings to recover property under § 522(g), so long as the trustee has taken some action resulting in the reconveyance of the property to the estate. *Glass v. Hitt (In re Glass)*, 60 F.3d 565, 568-69 (9th Cir. 1995); *In re Hicks*, 342 B.R. 596, 599-601 (Bankr. W.D. Mo. 2006). Given both the voluntary transfer and the recovery, the exemption here was invalid under § 522(g).[1]

Notwithstanding our determination that the exemption was invalid under § 522(g), we must nevertheless ascertain whether the statute permits a trustee to lodge an untimely objection. We had occasion to examine both § 522(g) and Rule 4003(b) in *Duncan*, and concluded that it does. *Duncan* involved a bankrupt attorney who fraudulently transferred property to prevent it from being subject to his creditor's claim. *In re Duncan*, 329 F.3d at 1196-97. The trustee brought a timely adversary proceeding and successfully avoided the transfer, but he did not

---

[1] The BAP's holding that an avoidance action was necessary to preserve the lien for the estate suggests that a court could have compelled Toyota to assign its lien to the trustee. We disagree that any such assignment could have occurred. A trustee cannot have greater rights than those originally possessed by a debtor. *See Paul v. Monts*, 906 F.2d 1468, 1473 (10th Cir. 1990). Assigning the lien to the trustee here would have left her with both the truck and the value of the lien, thereby giving her greater rights than debtors had. The better logic, we think, is that the trustee could have sought at most, even with an avoidance action, only to avoid Toyota's lien; this would have left the estate's property – that is, the truck itself – unencumbered for liquidation.

object to the debtor's exemption within the thirty-day period set forth in Rule 4003(b). *Id.* at 1197. Consequently, when the trustee later attempted to sell the property, the debtor demanded his exempted portion of the proceeds, arguing that the exemption was valid because the trustee failed to timely object. *Id.* The trustee responded that the exemption was invalid under § 522(g) because the debtor had fraudulently transferred the recovered property. *Id.* We agreed and held that the debtor was "not entitled to claim a[n] . . . exemption in property voluntarily transferred and recovered by the Trustee in an adversary proceeding, notwithstanding the Trustee's failure to object within the 30-day period of [Rule] 4003(b)." *Id.* at 1204.

Our decision in *Duncan* to disallow the exemption was based on the rationale that "the trustee's actions were not subject to the 30-day limitations period governing objections to claimed exemptions because the trustee was not contesting the exemptions *per se*; pursuant to 11 U.S.C. § 544(a), he was seeking instead to avoid the transfer of property by the debtor." *In re Duncan*, 329 F.3d at 1203. We explained that the deadline for the trustee's recovery efforts fell under 11 U.S.C. § 546(a)(1)(A) – not Rule 4003(b) – because the trustee had initiated a formal avoidance action, and that to hold otherwise would render the two-year limitations period of § 546 meaningless since it would effectively make it a thirty-day period. *In re Duncan*, 329 F.3d at 1203.

*Duncan*'s rationale applies here with perhaps even greater force because in the absence of an avoidance action, the only time limit on the trustee's recovery efforts is Rule 4003(b). But because a trustee will rarely be able to recover property within the thirty-day period of Rule 4003(b), the nature of § 522(g) is such that it precludes exemptions in recovered property even beyond the time limit imposed by Rule 4003(b). *Duncan* reconciles the apparent conflict: a trustee acting under § 522(g) is not contesting the exemption per se, but rather is asserting the fact that he or she has set aside a debtor's voluntary transfer. Rule 4003(b) is not defiled because "[u]nless and until the trustee successfully avoids the transfer . . ., the debtor is entitled to the exemption." *In re Duncan*, 329 F.3d at 1203 (citation omitted).

### III. Conclusion

The judgment of the Bankruptcy Appellate Panel is REVERSED.