ROBERT J. JONKER, CHIEF UNITED STATES DISTRICT JUDGE
*596 INTRODUCTION
The practical question in this bankruptcy appeal is how much of the $60,000 in the debtors' home equity is available to general unsecured creditors of either one of them. All parties agree that about $3,000 would be available if the debtors had proceeded from the outset as joint tenants. This is because the debtors' combined homestead exemptions would have covered all but about $3,000 of the equity. All parties also agree the debtors could lawfully have proceeded this way from the outset, and so the Court treats this scenario as the baseline case.
It is not, however, the way the debtors actually proceeded. Instead, they originally claimed ownership of and exemptions in their home as tenants by the entireties based on an eve-of-filing conversion transaction. Only after the Trustee successfully avoided the eve-of-filing entireties transfer did the debtors amend their schedules to claim homestead exemptions as joint tenants. The Trustee claims the avoided transfer means the debtors not only lose entireties status, but also lose the right they would otherwise have to claim homestead exemptions, leaving all $60,000 of the home equity available to general creditors. The debtors, in contrast, claim there was nothing improper in the eve-of-filing transfer, so that their status as tenants by the entireties should be respected.
The Bankruptcy Court rejected both extremes and effectively reinstated the baseline case. The baseline case is important because it measures where the interested parties would have been if the challenged-and ultimately avoided-transaction had never occurred. By reinstating the baseline case, the Bankruptcy Court ensured that the debtors did not improve their position against general unsecured creditors with an eve-of-filing transaction. It also ensured that the Trustee did not create a windfall for general unsecured creditors by rewarding them with more than they would ever have been able to receive under the baseline case.
In this Court's view, neither side is entitled to a better result than the baseline case. Accordingly, this Court AFFIRMS the decisions of the Bankruptcy Court.
BACKGROUND
The Mickens purchased their home on East 32 Road in Cadillac, Michigan on December 10, 1993. The Mickens were not married at the time, and so they held the property as joint tenants and not as tenants in common. They later married but continued to hold their home in joint tenancy until March 27, 2015, when the Mickens executed a quit-claim deed that transferred the property to themselves from the joint tenancy to a tenancy by the entireties. The deed stating as much was recorded the same day.[1]
*597 On March 30, 2015, three days after transferring their interests into a tenancy by the entireties, the Mickens filed their Chapter 7 petition. The petition listed the Mickens' interest in the home as entireties property with a current value of $81,000.00 subject to a secured claim of $19,186.54 on the property. The Mickens each claimed an entireties exemption valued at $30,906.73 under the Michigan entireties exemption, MICH. COMP. LAWS § 600.5451(1)(n). General unsecured liabilities listed totaled $39,633.75.
The Trustee then reviewed the March 27 transfer and concluded that the transfer had defrauded the Mickens' creditors by placing the home beyond the reach of those unsecured creditors who held claims against just one of those debtors. The Trustee accordingly objected to the claimed exemption and filed an adversary proceeding to avoid the transfer as a fraudulent transfer under both the Michigan Uniform Fraudulent Transfer Act and § 548(a)(1) and § 544(b)(1) of the Bankruptcy Code. On August 19, 2016, the Bankruptcy Court granted the Trustee's motion for partial summary judgment and avoided the transfer of the property. The court also disallowed the Mickens' claimed tenancy by the entireties exemption.
The Mickens then responded by amending their bankruptcy schedules on March 28, 2017, to claim Michigan's bankruptcy-specific homestead exemption. MICH. COMP. LAWS § 600.5451(1)(m). Mr. and Mrs. Mickens each claimed a $ 28,325.00 exemption in the property under the homestead exemption. The Trustee again objected and argued that the amended exemption was barred by operation of § 522(g) of the Bankruptcy Code. This time the Bankruptcy Court disagreed with the Trustee, and in an October 20, 2017, order permitted the amended homestead exemptions to stand. Both appeals followed.[2]
LEGAL STANDARD
Under FED. R. BANKR. P. 1009(a), debtors have the "[g]eneral right to amend" their schedules, including their schedules of exemptions, "as a matter of course at any time before the case is closed." Furthermore, the Court must construe exemptions liberally, in favor of the debtor. In re Hanh Hieu Dang , No. 11-10091, 473 B.R. 218, 220-21 (Bankr. W.D. Mich. 2012) ("Exemptions are to be liberally construed in favor of a debtor.") (citing Menninger v. Schramm (In re Schramm ), 431 B.R. 397, 400 (6th Cir. BAP 2010) and FED. R. BANKR. P. 4003(c) ). As the objecting party, the Trustee in this case bears the burden of proving that the amended exemption is not properly claimed. FED. R. BANKR. P. 4003(c).
When reviewing a bankruptcy court's decision on appeal under 28 U.S.C. § 158(a)(1) the bankruptcy court's conclusions of law are reviewed de novo, and its factual findings are affirmed unless they are clearly erroneous. In re Made in Detroit, Inc. , 414 F.3d 576, 580 (6th Cir. 2005) ; 255 Park Plaza Assocs. Ltd. P'ship v. Conn. Gen. Life Ins. Co. , 100 F.3d 1214, 1216 (6th Cir. 1996). A factual finding is *598 clearly erroneous "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In re DSC, Ltd. , 486 F.3d 940, 944 (6th Cir. 2007) (quoting Anderson v. City of Bessemer City, N.C. , 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) ).
DISCUSSION
1. The Trustee's Appeal of the Bankruptcy Court's Order Overruling Trustee's Objection.
Exemption laws permit a debtor "to retain enough property to carry on their daily life[.]" CHARLES JORDAN TABB, THE LAW OF BANKRUPTCY § 9.1, pp. 881 (2d ed. 2009). Exemptions, along with discharge, "work hand-in-glove to promote the debtor's financial fresh start." Id. at pp. 882. The question in this case is whether the Bankruptcy Court correctly determined that the Code permitted the Debtors to file an amended schedule to claim the homestead exemption. The Court agrees with the Bankruptcy Court that it does.
The Bankruptcy Court concluded that the Mickens' prepetition transfer of the property was voidable under § 544(b), and properly denied the Mickens' entireties exemption. But the Bankruptcy Court also permitted the Mickens to amend their claim of exemptions within twenty-one days under FED. R. BANKR. P. 1009(a). (ECF No. 11-2, PageID.108). Under that Rule:
A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court.
FED. R. BANKR. P. 1009(a). As the Bankruptcy Court noted, the Court of Appeals has concluded that exemptions may not be disallowed unless there is a statutory basis for doing so. (ECF No. 11-2, PageID.150, citing Ellmann v. Baker (In re Baker) , 791 F.3d 677, 683 (6th Cir. 2015) ). Consistent with the Bankruptcy Court's March 2017 Order, the Mickens amended their exemptions to list a homestead exemption, rather than the entireties exemption that had been disallowed.
The Trustee says the amendment was improperly allowed because of § 522(g)(1). This section allows the debtor to claim exemptions in some, but not all, property that was the subject of a successful avoidance or turnover action. Under that Section:
(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if-
(1)(A) such transfer was not a voluntary transfer of such property by the debtor....
11 U.S.C. § 522(g)(1). Courts have held that "[f]or § 522(g) to apply, there must be both a voluntary transfer, as well as a recovery." In re Kuhnel , 495 F.3d 1177, 1181 (10th Cir. 2007). The Bankruptcy Court found there was no question that the Mickens' prepetition transfer of the property was voluntary. Thus, "the dispositive issue with regard to the Trustee's objection is whether the Trustee 'recovered' the *599 Property in a manner that triggered application of § 522(g)." (ECF no. 11-2, PageID.151). The Court agrees with the Bankruptcy Court that under the facts of this case, there was no recovery under Section 522(g), and thus the amended exemption was not precluded by Section 522(g) and was properly allowed under Rule 1009(a).
When the Mickens amended their schedules to claim the individual homestead exemptions available to each one of them, they proceeded as permitted by rule. They did not and could not-in view of the avoided transfer-claim any exemption in the entireties part of the property itself. That was avoided and now in the hands of the estate. But in this case, all that avoided transfer got that was not already part of the estate was the entireties packaging around the bundle of sticks otherwise fully represented by the property the Mickens took into bankruptcy. After the avoidance of the entireties wrapping, the undiminished economic value of the property was restored to the bankruptcy estate and any non-exempt equity was available to the general creditors, just as it would have been if the prepetition entireties transfer had never taken place. Thus the only "recovery" by the Trustee here was the "empty packaging" of the entireties estate.
This result leaves creditors in exactly the same place they would have been had the transfer never occurred. The Trustee's position, in contrast, would result in what amounts to a forfeiture of the equity the Mickens could otherwise have protected if they had stuck with the joint tenancy approach from the outset of the case. Nothing in the Trustee's authorities requires such an inequitable outcome. In Zubrod v. Duncan , 329 F.3d 1195 (10th Cir. 2003), the debtor's fraudulent transfer was to a third party, so that the bankruptcy estate never received the bundle of sticks in any form. That did not happen here. The Mickens did nothing in their amended exemption that they could not have done from the beginning had the entireties transfer never taken place.
After a de novo review, the Court finds that under the facts of this case, there was no recovery that would allow the Trustee to invoke § 522(g) and bar the amended claim of the homestead exemption. Cf. David Gray Carlson, The Federal Law of Property: The Case of Inheritance Disclaimers and tenancy by the Entireties , 75 WASH. & LEE L. REV. 3, 167-174 (2018) (agreeing with the result reached by the Bankruptcy Court in this case because "the superegoic effect of federal property law completely undercut the trustee's recovery of a fraudulent transfer.").
2. Debtor's Cross-Appeal of the Bankruptcy Court's Constructive Fraud Decision.
In their cross appeal, the Mickens argue the Bankruptcy Court erred in its August 17, 2016 constructive fraud decision that led to the decision to disallow the entireties exemption. The Mickens further argue the Bankruptcy Court prematurely considered their motion for sanctions. Both arguments are meritless.
A. The Bankruptcy Court Correctly Held that the Prepetition Transfer of the Property was Constructively Fraudulent
Section 544(b) of the Bankruptcy Code authorizes a trustee to avoid "any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title." 11 U.S.C. § 544(b). In other words, § 544(b) permits the trustee to "stand in the shoes" of an unsecured creditor and assert causes of action under state *600 fraudulent conveyance laws for the benefit of all creditors.
Here the applicable state law is Section 51 of the Michigan UFTA, MICH. COMP LAWS § 566.35(1) :
A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.
Id.
The Trustee in this case quite properly sought to avoid the transfer, and the Bankruptcy Court was correct in granting summary judgment in favor of the Trustee on this point. Clearly there was a voluntary transfer of the property by the Mickens while they were insolvent. Furthermore, from the standpoint of the individual creditors, there was no equivalent value given. In fact the transfer had the effect of cutting those creditors out of the pie entirely. Accordingly, after its de novo review, the Court agrees with the Bankruptcy Court's factual findings and conclusions of law on the constructive fraud claim for the very reasons set out in the Bankruptcy Court's opinion.
Nothing in the Mickens' response and principal brief compels a different result.[3] The Mickens' main argument in support of their claim they received reasonably equivalent value for the transfer is that the Bankruptcy Court erred by evaluating the question using the perspective of the creditors. In their mind, this means the Bankruptcy Court failed to consider several points in favor of the Mickens. The Court disagrees. The perspective of the creditors test is the well-worn test applied in constructive fraud claims. As the comment to the UFTA states, " 'Value' is to be determined in light of the purpose of the Act to protect a debtor's estate from being depleted to the prejudice of the debtor's unsecured creditors. Consideration having no utility from a creditor's viewpoint does not satisfy the statutory definition." Uniform Fraudulent Transfer Act § 3, cmt. 2. Moreover, the Mickens' argument that there was no harm in their prepetition transfer to the creditors falls flat because, as the Bankruptcy Court found, the transfer had the effect of shielding the property from approximately $37,000 in debts the non-joint creditors of the Mickens might have otherwise recovered by obtaining a judgment and levy on the Mickens' joint tenancy interests (apart from amended homestead exemptions). In sum, the Bankruptcy Court correctly held that insolvent, spouse, debtors may not create an entireties estate at the expense of their separate creditors.
B. Rule 9011 Sanctions
The Mickens also appeal from the portion of the Bankruptcy Court's August 19, 2016, decision that treated a "Brief in *601 Support of F.R.B.P 9011 Sanctions" as a motion for sanctions. The Mickens believe it was premature for the Bankruptcy Court to do so because counsel had not filed any motion that complied with Rule 9011(c). (ECF No. 14, PageID.320). The Mickens have not demonstrated they are entitled to the relief they seek. They filed a motion, and the Court gave them the benefit of the doubt by denying the motion on the merits, rather than based on a procedural technicality. Either way, the result denying the motion was correct.
CONCLUSION
For these reasons, the decisions of the United States Bankruptcy Court for the Western District of Michigan in Bankruptcy (Bankruptcy Case No. 15-01872-jwb and Adversary Proceeding 15-80147-jwb) that the Trustee and Debtors appeal from are AFFIRMED.
IT IS SO ORDERED.

In their brief, the Mickens explain that they wanted to make the transfer because, while planning for their Bankruptcy petition, their counsel discovered the deed to their home was held in a joint tenancy and their counsel wanted the property to be held as a tenancy by the entireties to protect the Debtors against claims from future individual creditors. Given their age at the time of filing (73 for Mr. Mickens and 84 for Mrs. Mickens), it was certainly foreseeable that either of them could have required immediate and expensive medical care, making it important from their perspective to protect their home from any such future creditor.

During oral argument, the Court was advised that Jeanette Mickens has since passed away. While this does not moot the instant proceedings, it may require further action before the Bankruptcy Court. See Fed. R. Bankr. P. 7025.

The Trustee argues that the Mickens failed to timely file an Appellant Brief in this matter as set out in the Court's December 15, 2017, briefing notice and under Bankruptcy Rule 8018(a)(1). (ECF No. 16, PageID.328). This case involves a cross appeal, however, and thus the operative rule is Rule 8016. Under that rule, the Appellee / Cross-Appellant files a single brief that both responds to the Appellant's brief and provides a principal brief for the cross appeal. The Mickens are the Appellees / Cross-Appellants here because they were the second party to appeal. See Rule 8016(b). Accordingly, under Rule 8016(e)(2) the Mickens' brief was due within 30 days after the Trustee's brief was served. The Trustee's brief was filed January 10, 2018, and the Mickens' brief was filed within 30 days on January 29, 2018. Thus the Mickens' brief is timely.